JULIE CARNES, Circuit Judge: In 2009 Jeffrey Bernard Beeman was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g), and possession with intent to distribute a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). Finding that Beeman was subject to enhanced sentences for his firearm and ammunition offenses under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), the district court imposed three concurrent 210-month sentences. In 2016 Beeman filed a 28 U.S.C. § 2255 motion to vacate his sentence, contending that he was entitled to resentencing because in Johnson v. United States, 576 U.S. -, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), the Supreme Court had struck down part of the ACCA as unconstitutionally vague. The district court denied his motion, and Beeman has appealed. I. BACKGROUND In 1990 Beeman was convicted in Georgia of aggravated assault. In 1999 he was convicted in Georgia of two counts of possession of cocaine with intent to distribute. Then, in 2009, he was convicted of the federal firearm, ammunition, and drug offenses giving rise to the 210-month sentences that he is challenging in his § 2255 motion. Normally a conviction for being a felon in possession of a firearm or ammunition carries a statutory maximum sentence of ten years. 18 U.S.C. §§ 922(g), 924(a)(2). But if a defendant who is convicted of one of those offenses already has three or more convictions for a “violent felony” or a “serious drug offense,” the ACCA provides that he must be sentenced to at least 15 years of imprisonment. Id. § 924(e)(1). When Beeman was sentenced in 2009, the ACCA defined a “violent felony” as follows: [A]ny crime punishable by imprisonment for a term exceeding one year ... that— (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to' another.... Id. § 924(e)(2)(B). The first prong of that definition, § 924(e)(2)(B)(i), is known as the “elements clause.” Mays v. United States, 817 F.3d 728, 730-31 (11th Cir. 2016). The second prong, § 924(e)(2)(B)(ii), is itself split into two clauses. The first part, listing burglary, arson, extortion, or an offense involving the use of explosives, is known as the “enumerated offenses clause,” and the second part is known as the “residual clause.” Id. Beemaris presentence investigation report (PSR) listed his conviction for aggravated assault and two convictions for possession of cocaine with intent to distribute and concluded that, based on those convictions, he qualified for the ACCA enhancement. Beeman did not object to that recommendation, and the district ■ court adopted it without further discussion. The PSR did not recommend whether the aggravated assault conviction should be found to be a violent felony for ACCA purposes under the elements clause or the residual clause or both, and the district court did not specify whether its finding that the conviction qualified was based on the elements clause or the residual clause or both. Beeman appealed his convictions but not his sentences, and-on July 8, 2010, this Court affirmed. United States v. Beeman, 386 Fed.Appx. 827, 835 (11th Cir. 2010). On June 26, 2015, the United States Supreme Court held that the ACCA’s residual clause is unconstitutionally vague. Johnson, 135 S.Ct. at 2563. And in April 2016, the Court held that the Johnson decision is retroactively applicable to cases on collateral review. Welch v. United States, 578 U.S. -, 136 S.Ct. 1257, 1268, 194 L.Ed.2d 387 (2016). On June 7, 2016, Beeman filed his § 2255 motion, attacking his ACCA-en-hanced sentences for his firearm and ammunition offenses. His argument proceeded in three parts. First, he contended that the Johnson decision invalidated his ACCA sentences because when he was sentenced in 2009 his Georgia conviction for aggravated assault would have qualified as a violent felony under the residual clause of the ACCA. Second, he pointed out that his aggravated assault conviction was not a violent felony under the enumerated offenses clause because assault is not included in that list of crimes. And third, he argued that a conviction under the Georgia aggravated assault statute does not now qualify as a violent felony under the elements clause. In making that argument about the elements clause he relied heavily on the Supreme Court’s 2013 decision in Descamps v. United States, 570 U.S. 254, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013), which is one in a line of Supreme Court decisions describing how federal courts should determine whether an offense qualifies as a predicate offense under the ACCA’s enumerated offenses and elements clauses. See Mathis v. United States, 579 U.S. -, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016); Descamps, 133 S.Ct. 2276; Shepard v. United States, 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005); Taylor v. United States, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). The district court denied Beemaris § 2255 motion as untimely and, alternatively, on the merits. It determined that Beeman’s § 2255 motion was untimely because he filed it more than a year after his judgment of conviction became final and the motion failed to raise a true Johnson claim, instead “at its core, rel[ying] on Descamps.” As an alternative ground, the court determined that even under the Des-camps decision, a Georgia conviction for aggravated assault qualifies as a violent felony under the ACCA’s elements clause. II. DISCUSSION A. The Time Bar “We review de novo the district court’s determination that a § 2255 motion to vacate is time-barred.” Drury v. United States, 507 F.3d 1295, 1296 (11th Cir. 2007). The Antiterrorism and Effective Death Penalty Act (AEDPA) provides a one-year statute of limitations to bring a § 2255 motion. 28 U.S.C. § 2255(f). The limitations period begins to run on the latest of four possible triggering dates. See id. Typically, the applicable triggering date is “the date on which the judgment of conviction becomes final.” Id. § 2255(f)(1). Beeman cannot rely on that limitations period, however, because he filed his § 2255 motion almost five years after its expiration. Instead, he asserts that his § 2255 motion is timely because he filed it within one year of the Supreme Court’s Johnson decision, bringing it within the limitations period that begins on “the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.” Id. § 2255(f)(3). The § 2255(f) statute of limitations “requires a claim-by-claim approach to determine timeliness.” See Zack v. Tucker, 704 F.3d 917, 924, 926 (11th Cir. 2013) (en banc); accord Davis v. United States, 817 F.3d 319, 327-28 (7th Cir. 2016) (“But as every other circuit to have considered the question has concluded, and we now hold, the timeliness of each claim asserted in either a section 2255 motion or a petition challenging a state-court conviction under 28 U.S.C. § 2254 must be considered independently.”) (footnotes omitted). In other words, if a § 2255 movant asserts that his § 2255 motion is timely because he filed it within one year of the Supreme Court’s issuance of a decision recognizing a new right, we must determine whether each claim asserted in the motion depends on that new decision. If a particular claim does not depend on the new decision, that claim is untimely and must be dismissed. In order for a Supreme Court decision to restart the one-year statute of limitations under § 2255(f)(3), the decision must both (1) recognize a new right and (2) be made retroactively applicable to cases on collateral review. See 28 U.S.C. § 2255(f)(3). The issuance of the Supreme Court’s Johnson decision meets both of those requirements. The Supreme Court held in Welch that Johnson announced a new rule that is retroactively applicable to cases on collateral review. See Welch, 136 S.Ct. at 1268. Because the Supreme Court issued Johnson on June 26, 2015, Johnson, — U.S. —, 135 S.Ct. 2551, 192 L.Ed.2d 569, a § 2255 movant wishing to raise a Johnson claim had until June 26, 2016, to file a motion obtaining that claim. See 28 U.S.C. § 2255(f)(3). On the other hand, the issuance of the Descamps decision cannot qualify as a triggering date under § 2255(f)(3). It is true that we have held that the Descamps decision is retroactively applicable to cases on collateral review. Mays, 817 F.3d at 733-34. But being retroactively applicable to cases on collateral review is only part of the test for restarting the statute of limitations. AEDPA also requires that the right have been “newly recognized by the Supreme Court.” 28 U.S.C. § 2255(f)(3). In holding that the Descamps decision is retroactively applicable to cases on collateral review, our Mays decision makes clear that Descamps did not set out a newly recognized right. In fact, we based our decision on the recognition that “Des-camps did not announce a new rule-—-its holding merely clarified existing precedent.” 817 F.3d at 734; see also Descamps, 133 S.Ct. at 2283 (“Our caselaw explaining the categorical approach and its ‘modified’ counterpart all but resolves this case.”). And as we have explained, “[i]f the decision merely clarifies an old rule, .... the petitioner will not be able to take advantage of the extended statute of limitations under § 2255, which requires a newly recognized right by the Supreme Court.” Figuereo-Sanchez v. United States, 678 F.3d 1203, 1207 n.4 (11th Cir. 2012). As a result, a § 2255 movant wishing to raise a Des-camps claim cannot rely on subsection (f)(3) as the starting point for the calculation of the limitations period. Instead, he must file his motion within one year of one of the other triggering dates set out in § 2255(f). Beeman’s judgment of conviction became final in October 2010, meaning that the one-year statute of limitations under § 2255(f)(1) expired in October 2011. He did not file his § 2255 motion until June 7, 2016, almost five years later. The extended § 2255(f)(3) limitations period for raising a Johnson claim expired on June 26, 2016, the one-year anniversary of the Johnson decision. As a result, if his § 2255 motion raised a Johnson claim, that claim was timely, but any other claim the motion raised—-including a Descamps claim—was untimely. A Johnson claim and a Descamps claim make two very different assertions. A Johnson claim contends that the defendant was sentenced as an armed career criminal under the residual clause-, while a Des-camps claim asserts that the defendant was incorrectly sentenced as an armed career criminal under the elements or enumerated offenses clause. Beeman raised both of those claims in his § 2255 motion. He focused largely on an argument that the 2013 Descamps decision meant that his Georgia conviction for aggravated assault could no longer qualify as a violent felony under the elements clause. That is obviously a Descamps claim. But he also claimed that when sentencing him in 2009, the district court relied on the residual clause to find that his aggravated assault conviction qualified as a violent felony under the ACCA. In support of that proposition, he asserted that aggravated assault in Georgia was a crime “which historically qualified as an ACCA predicate under that statute’s residual clause.” Therefore, he contended that the Johnson decision required he be resentenced without the ACCA enhancement. That sounds like a Johnson claim. The district court determined that Bee-man’s § 2255 motion was untimely because it raised only a Descamps claim. We agree that the motion raised an untimely Des-camps claim, and that part of the district court’s order is due to be affirmed on that ground. We disagree, however, with the district court’s conclusion that Beeman’s § 2255 motion did not also assert a Johnson claim. Given Beeman’s heavy reliance on Des-camps in support of his motion, the district court’s conclusion on that point is understandable. Nevertheless, Beeman’s motion did allege that, Georgia aggravated assault, which was one of his three qualifying ACCA convictions, “historically qualified as an ACCA predicate under [the ACCAj’s residual clause,” and that “in recent years, the Eleventh Circuit has been using the residual clause as a default home for many state statutes that might otherwise have been counted under the elements or enumerated crimes clauses.” He also filed his motion 19 days before the one-year anniversary of the Johnson decision. See 28 U.S.C. § 2255(f)(3) (“The limitation period shall run from ... the date on which the right asserted was initially recognized by the Supreme Court....”). Under the circumstances, the motion said enough to assert a Johnson claim. Regardless of the ground stated in the district court’s order or judgment, “[w]e may affirm on any ground supported by the record.” Castillo v. United States, 816 F.3d 1300, 1303 (11th Cir. 2016). In this case, the record makes clear that the district court’s dismissal of the § 2255 motion was the correct result as to the Johnson claim because—although timely raised—Beeman has not carried his burden of proving that claim on the merits. He did not request an evidentiary hearing in the district court, and he has not suggested in this Court that a remand for an evidentiary hearing would do him any good. Instead, he has chosen to proceed on the basis of the record as it now exists, and we consider his Johnson claim on that record. B. The Merits To prove a Johnson claim, a movant must establish that his sentence enhancement “turn[ed] on the validity of the residual clause.” In other words, he must show that the clause actually adversely affected the sentence he received. In re Thomas, 823 F.3d 1345, 1349 (11th Cir. 2016).[1] Only if the movant would not have been sentenced as an armed career criminal absent the existence of the residual clause is there a Johnson violation. That will be the case only (1) if the sentencing court relied solely on the residual clause, as opposed to also or solely relying on either the enumerated offenses clause or elements clause (neither of which were called into question by Johnson) to qualify a prior conviction as a violent felony, and (2) if there were not at least three other prior convictions that could have qualified under either of those two clauses as a violent felony, or as a serious drug offense. Critical to our decision on the merits issue in this case is the burden of proof and persuasion. The Government contends that a § 2255 movant bears the burden of proving that his sentencing enhancement was imposed because the sentencing court used the residual clause. Beeman argues that if it is merely possible that the court relied on that clause to enhance the sentence, then he has met his burden.[2] We conclude, and hold, that, like any other § 2255 movant, a Johnson § 2255 claimant must prove his claim.[3] To prove a Johnson claim, the movant must show that—more likely than not—it was use of the residual clause that led to the sentencing court’s enhancement of his sentence. If it is just as likely that the sentencing court relied on the elements or enumerated offenses clause, solely or as an alternative basis for the enhancement, then the movant has failed to show that his enhancement was due to use of the residual clause. We rest our conclusion that a § 2255 movant must prove his Johnson claim on a long line of authority holding that a § 2255 movant “bears the burden to prove the claims in his § 2255 motion.” Rivers v. United States, 777 F.3d 1306, 1316 (11th Cir. 2015); LeCroy v. United States, 739 F.3d 1297, 1321 (11th Cir. 2014); Barnes v. United States, 579 F.2d 364, 366 (5th Cir. 1978) (“Under Section 2255, [the movant] had the burden of showing that he was entitled to relief.”); Coon v. United States, 441 F.2d 279, 280 (5th Cir. 1971) (“A movant in a collateral attack upon a judgment has the burden to allege and prove facts which would entitle him to relief.”). And we are not alone.in so holding. See United States v. Pettiford, 612 F.3d 270, 277 (4th Cir. 2010) (“[T]he district court must determine whether the [§ 2255 mov-ant] has met his burden of showing that his sentence is unlawful on one of the specified grounds.”); United States v. DiCarlo, 575 F.2d 952, 954 (1st Cir. 1978) (“In seeking collaterally to attack their convictions under section 2255, [movants] bear the burden of establishing by a preponderance of the evidence that they are entitled to relief.”); Zovluck v. United States, 448 F.2d 339, 341 (2d Cir. 1971) (stating, in the context of an appeal from the denial of a § 2255 motion, that “[t]here is no doubt but that appellant had the burden of proof’); United States v. Trumblay, 234 F.2d 273, 275 (7th Cir. 1956) (“On a motion to vacate, set aside or correct a sentence, a movant has the burden of proof.”); Taylor v. United States, 229 F.2d 826, 832 (8th Cir. 1956) (“Because the statutory proceeding is a collateral attack upon the judgment of conviction, the burden is on the [movant] to establish a basis for relief under some one or more of the grounds set forth in [§ 2255].”). As to our own precedent requiring a § 2255 movant to prove his entitlement to relief, in the Rivers decision, we held that Rivers’s “motion must ... be denied” because he “[had] not met his burden of proof’ where the only evidence he offered in support of his claim was testimony that the district court did not credit. 777 F.3d at 1318; see also id. at 1316. Similarly, in the LeCroy case, the petitioner asserted that counsel was ineffective for failing to call an expert witness who could have presented mitigation evidence about his childhood. 739 F.3d at 1313-14. His attorneys had decided not to present the expert witness because they feared that if they did, the Government would conduct its own evaluation of him and present a rebuttal expert whose evidence could be damaging. Id. at 1321. LeCroy argued that his attorneys’ “fear of a Government evaluation” was irrational and that they could have allowed the Government to conduct the evaluation, seen what it said, and then decided whether to present the defense expert.. Id. This Court explained that LéCroy’s argument: inverts the burden of proof, which on a § 2255 petition belongs to the petitioner. If LeCroy’s claim is that a Government evaluation would have been less damaging than [his expert’s evaluation—and that, accordingly, the defense team ought to have been more willing to roll the dice and see what the Government would come up with—then to carry that argument LeCroy would actually need to show that the Government evaluation would be favorable. Otherwise, LeCroy is asking us to disregard the burden of proof and speculate about what might have been, drawing an inference in his favor that the record simply does not support. Here, where LeCroy is either unwilling or unable to demonstrate that the Government’s evaluation would in fact have been favorable—as opposed to conceivably being favorable—he has failed to carry his burden in showing prejudice. Id. at 1321-22 (underlined emphasis added). Our long line of decisions holding that a § 2255 movant must bear the burden of proving his entitlement to relief makes sense. “[0]ne of the principal functions of AEDPA was to ensure a greater degree of finality for convictions.” Johnson v. United States, 340 F.3d 1219, 1224 (11th Cir. 2003); see also Jones v. United States, 304 F.3d 1035, 1039 (11th Cir. 2002) (“A fundamental purpose for the AEDPA was to establish finality in post-conviction proceedings”). Even before AEDPA, the Supreme Court had instructed us that “direct appeal is the primary avenue for review of a conviction or sentence.... When the process of direct review ... comes to an end, a presumption of finality and legality attaches to the conviction and sentence.” Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-92, 77 L.Ed.2d 1090 (1983). Finality “is essential to the operation of our criminal justice system. Without finality, the criminal law is deprived of much of its deterrent effect.” Teague v. Lane, 489 U.S. 288, 309, 109 S.Ct. 1060, 1074, 103 L.Ed.2d 334 (1989). Putting the burden of proof and persuasion on the Government in a § 2255 proceeding to show the absence of a constitutional violation or that an error had no effect on the judgment would undermine the presumption of finality that attaches at the end of the direct appeal process. It would go a long way toward creating a presumption of non-finality and undermine the important interests that finality protects. In spite of all the above caselaw, Bee-man contends that “[t]he rule must be this: A Johnson movant has met his burden to show that he has ,a right to § 2255 relief ... unless the record affirmatively shows that the district court relied upon the ACCA’s elements clause.” He would, to borrow the language of our LeCroy decision, have us invert the burden of proof and persuasion by taking well-established principles developed in numerous decisions over the years and turning them entirely upside down. We have to do this, he urges, because district courts have never been required to say, and as a result have not always expressly stated, which of the ACCA’s clauses they are relying on when finding that a conviction qualifies as a violent felony. As a result, Beeman argues, if we treat Johnson movants like every other § 2255 movant, and require them to shoulder their burden of proof and persuasion, it is unlikely that many of these prisoners will succeed in showing they are due relief. Even if we accept Beeman’s factual premise about what sentencing records typically show or don’t show, we reject his legal premise that the burden of proof and persuasion should be overhauled for the purpose of increasing the number of cases in which the movant prevails. The burden of proof and persuasion reflects longstanding and fundamental interests in finality. It is by application of the appropriate burden that the outcome of a case is supposed to be determined, not the other way around. This approach is as true with Johnson claims as with any other type of claim. Nor are we persuaded by Beeman’s argument that requiring a § 2255 movant raising a Johnson claim to carry his burden of proof and persuasion would make the outcome depend on the “fluke” of a district court having expressly stated which clause it was relying on. If true, that would be equally true whichever side bears the burden. It is no more arbitrary to have the movant lose in a § 2255 proceeding because of a silent record than to have the Government lose because of one. What would be arbitrary is to treat Johnson claimants differently than all other §. 2255 movants claiming a constitutional violation.[4] Beeman concedes that there is nothing in the record suggesting that the district court relied on only the residual clause in sentencing him. In his § 2255 motion, he stated in conclusory terms that the district court must have relied on the residual clause, but nothing in the record supports this argument; and Beeman has pointed to no precedent in 2009 holding, or otherwise making obvious, that a violation of Georgia’s aggravated assault statute qualified as a violent felony only under the residual clause.[5] Instead, citing to no authority, his motion merely asserts in general terms that “a Georgia conviction for aggravated assault ... [has] historically qualified as an ACCA predicate under [the ACCA]’s residual clause.” Beeman—rely-ing only on cases involving Florida burglary convictions—also contends that this Court has “been using the residual clause as a default home for many state statutes that might otherwise have been counted under the elements or enumerated crimes clauses.” These general observations, however, are not enough to carry his burden of establishing that he, in fact, was sentenced as an armed career criminal here solely because of the residual clause. In his reply to the Government’s answer to his § 2255 motion, Bee-man conceded that it is unclear[6] from the record whether the sentencing court had relied on the residual clause or the elements clause, or both, in finding that his aggravated assault conviction qualified as a violent felony. “Where, as here, the evidence does not clearly explain what happened ... the party with the burden loses.” Romine v. Head, 253 F.3d 1349, 1357 (11th Cir. 2001); see also Schaffer ex rel. Schaffer v. Weast, 546 U.S. 49, 56, 126 S.Ct. 528, 533-34, 163 L.Ed.2d 387 (2005) (explaining that the term “burden of persuasion” means that the party with the burden “loses if the evidence is closely balanced”); Dynamic Drinkware, LLC v. Nat’l Graphics, Inc., 800 F.3d 1375, 1378-79 (Fed. Cir. 2015) (“Failure to prove the matter as required by the applicable standard means that the party with the burden of persuasion loses on that point—thus, if the fact trier of the issue is left uncertain, the party with the burden loses”) (quotation marks omitted); Lovell ex rel. Lovell v. Poway Unified Sch. Dist., 90 F.3d 367, 373 (9th Cir. 1996) (“In general, if the evidence is evenly balanced, such that a decision on the point cannot be made one way or the other, then the party with the burden of persuasion loses.”); Cuppett v. Duckworth, 8 F.3d 1132, 1140 n.5 (7th Cir. 1993) (“A party with the burden of persuasion loses if he fails to meet that burden”). Given this record, Beeman’s Johnson claim was therefore due to be dismissed because he failed to carry his burden of proof. Specifically, he failed to prove—that it was more likely than not—he in fact was sentenced as an armed career criminal under the residual clause. Having failed to prove that but for the residual clause he would have received a different sentence, he cannot prevail. For that reason, we AFFIRM. . It makes no difference that Thomas was decided in the context of a prisoner's application for certification to file a second or successive § 2255 motion. The Thomas decision held that an applicant could not make even a prima facie showing of a Johnson claim if the Johnson decision did not affect his sentence. An applicant who cannot make even a prima facie showing that his § 2255 motion contains a Johnson claim will necessarily be unable to shoulder his burden of proving that he is actually entitled to relief under the Johnson decision. . Actually, Beeman puts it more strongly. He says that unless the record affirmatively shows that the district court relied on a clause other than the residual clause, we are required to conclude that it was the residual clause on which the enhancement was based. .Our Court has previously stated in dicta that a Johnson movant does bear the burden of proof, as argued by the Government. See In re Moore, 830 F.3d 1268, 1272-73 (11th Cir. 2016). In a subsequent opinion, the Court endorsed in dicta.the position now advocated by Beeman that a movant must merely show the possibility that the court relied on the residual clause to enhance the sentence. See In re Chance, 831 F.3d 1335, 1338-42 (11th Cir. 2016). As to the case before us now, we have not deferred to dicta. We have examined this issue afresh in reaching our conclusion based on what we see as traditional legal principles. .We do not mean to imply that every sentencing record will lack sufficient evidence about whether the district court relied on the residual clause in finding that the defendant was an armed career criminal. Some sentencing records may contain direct evidence: comments or findings by the sentencing judge indicating that the residual clause was relied on and was essential to application of the ACCA in that case. Nor do we mean to suggest that there will not sometimes be sufficient circumstantial evidence to show the specific basis of the enhancement. For example, there could be statements in the PSR, which were not objected to, recommending that the enumerated clause and the elements clause did not apply to the prior conviction in question and did not apply to other prior convictions that could have served to justify application of the ACCA. Or the sentencing record may contain concessions by the prosecutor that those two other clauses do not apply to the conviction in question or others. And there could be other circumstances on which a movant can rely; the above are but a few examples. Each case must be judged on its own facts. . We note that Beeman has likewise pointed to no precedent since 2009 so holding. But even if such precedent had been announced since Beeman's sentencing hearing, it would not answer the question before us. What we must determine is a historical fact: was Bee-man in 2009 sentenced solely per the residual clause? And as noted, Beeman bears the burden of proving that historical fact. Certainly, if the law was clear at the time of sentencing that only the residual clause would authorize a finding that the prior conviction was a violent felony, that circumstance would strongly point to a sentencing per the residual clause. However, a sentencing court's decision today that Georgia aggravated assault no longer qualifies under present law as a violent felony under the elements clause (and thus could now qualify only under the defunct residual clause) would be a decision that casts very little light, if any, on the key question of historical fact here: whether in 2009 Beeman was, in fact, sentenced under the residual clause only. . The "clear/uncleár test” discussed in In re Rogers, 825 F.3d 1335 (11th Cir. 2016) is inapplicable here. That test was established expressly as a means of making a preliminary determination about whether a habeas petitioner had made out a prima facie showing sufficient to warrant leave to file a second or successive section 2255 motion. The "clear/unclear test” merely allows a defendant to bring a Johnson claim and the opportunity—at the merits stage—to produce evidence establishing that he was actually sentenced solely under the residual clause. Here, Beeman has been permitted to raise his claim; but his lack of evidence has failed to satisfy his ultimate burden of proof.