[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-10049
Non-Argument Calendar

_____

D.C. Docket Nos. 1:16-cv-02092-TWT,
1:08-cr-00393-TWT-RGV-1

JEROME JULIUS WEEKS,
a.k.a. Clarence Royden Weekes,
a.k.a. Jerome J. Weekes,
a.k.a. Jerome Week,

                                        Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                        Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 1, 2018)

Before WILLIAM PRYOR, MARTIN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Jerome Weeks, a federal prisoner, appeals the dismissal of his successive motion to vacate his sentence. 28 U.S.C. § 2255. Weeks argued that, in the wake of *Johnson v. United States*, 135 S. Ct. 2551 (2015), he lacked sufficient predicate offenses to have his sentence enhanced under the Armed Career Criminal Act. The district court ruled that Weeks failed to "meet his burden of showing that he was sentenced under the residual clause of the [Act]" because "[t]wo of his prior convictions qualified as drug trafficking offenses" and "[a]t the time of sentencing, [his] assault and battery and resisting arrest convictions qualified under the elements test as violent felonies." We affirm.

Weeks challenged his sentence of 235 months of imprisonment for possessing a firearm as a felon, 18 U.S.C. §§ 922(g)(1), 924(e)(1), and for twice making false statements with regard to a firearms license, *id.* § 924(a)(1)(A). The sentencing court classified Weeks as an armed career criminal based on his prior convictions in Massachusetts courts in 1999 for assault and battery, in 2000 for distribution of cocaine, in 2001 for possessing with intent to distribute cocaine, and in 2003 for resisting arrest. *See id.* § 924(c). The sentencing court rejected Weeks's arguments that his convictions for assault and battery, in which the charging document stated that he "assaulted and beat the victim," and for resisting arrest did not count as predicate offenses. *See id.* § 924(e)(2)(B). After the government submitted copies of caselaw in which the First Circuit held that both assault and

2

battery and resisting arrest categorically qualified as violent felonies, the sentencing court ruled, "In the absence of extremely persuasive authority, I think that I should follow the [First] Circuit authority in this area which as I understand it would count all of those convictions for the armed career criminal enhancement."

We affirmed Weeks's convictions and sentence on appeal. *United States v. Weeks*, 442 F. App'x 447 (11th Cir. 2011). We concluded that Weeks's offense of resisting arrest, which could have been committed in two ways, qualified as a violent felony. *Id.* at 455–56. We stated that resisting arrest satisfied the elements clause if it involved "using or threatening to use physical force or violence," Mass. Gen. Laws ch. 268, § 32B(a)(1), and the offense satisfied the residual clause if it involved "using any other means which creates a substantial risk of causing bodily injury, *id.* § 32B(a)(2). *Weeks*, 442 F. App'x at 455–56. We declined to address whether Weeks's offense of assault and battery under Massachusetts law qualified as a violent felony "[b]ecause we [had] already determined that Weeks [had] two prior convictions for serious drug offenses and one prior conviction for a violent felony." *Id.* at 456.

We review the denial of a motion to vacate *de novo* and review related findings of fact for clear error. *Castillo v. United States*, 200 F.3d 735, 736 (11th Cir. 2000).  To obtain relief based on *Johnson*, "a movant must establish that his sentence enhancement turned on the validity of the residual clause." *Beeman v.*

*United States*, 871 F.3d 1215, 1221 (11th Cir. 2017) (internal quotation marks omitted and alteration adopted). The movant can satisfy his burden of proof by establishing that "the sentencing court relied solely on the residual clause, as opposed to also or solely relying on either the enumerated offenses clause or elements clause . . . to qualify a prior conviction as a violent felony" or that "there were not at least three other prior convictions that could have qualified under either of those two clauses as a violent felony, or as a serious drug offense." *Id.*

The district court correctly dismissed Weeks's motion to vacate. Weeks's argument that he is entitled to relief under *Johnson* fails in the absence of any evidence "to show that—more likely than not—it was use of the residual clause that led to the sentencing court's enhancement of his sentence." *Id.* at 1222. The record of Weeks's sentencing hearing supports the finding of the district court that the sentencing court relied on the elements clause to classify Weeks's prior offenses as violent felonies. Because "the evidence does not clearly explain what happened . . . the party with the burden[, Weeks,] loses." *Id.* at 1225 (quoting *Romine v. Head*, 253 F.3d 1349, 1357 (11th Cir. 2001)).

Weeks argues that our decision on direct appeal satisfies "his burden of showing that he was 'sentenced using the residual clause,'" but we disagree. On appeal, we ruled that Weeks's conviction for resisting arrest could qualify under either the elements clause or the residual clause. That ruling does not make it

4

"more likely than not" that Weeks's enhancement was based on the residual clause as opposed to the elements clause. *See id.* at 1222.

We **AFFIRM** the dismissal of Weeks's successive motion to vacate.

5