[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15308
Non-Argument Calendar
_____

D.C. Docket Nos. 4:16-cv-00388-RH-CAS; 4:10-cr-00055-RH-CAS-2


LIONELL TWITTY,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(May 23, 2018)

Before TJOFLAT, JULIE CARNES, and HULL, Circuit Judges.

PER CURIAM:

Lionell Twitty, a former federal prisoner currently on supervised release who pled guilty to possessing with intent to distribute marijuana, cocaine, and cocaine base, possessing a firearm in furtherance of a drug trafficking offense, and possessing a firearm as a convicted felon, appeals the denial of his 28 U.S.C. § 2255 motion to vacate. In his motion, he relied on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and argued that he was illegally sentenced as an armed career criminal, because his prior convictions for Florida robbery and Florida aggravated battery were not violent felonies. The court determined that Florida robbery was a violent felony under the elements clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and, relying in part on our decision in *Beeman v. United States*, 871 F.3d 1215 (11th Cir. 2017), the court further concluded that Twitty was not entitled to relief under *Johnson* as to his argument regarding Florida battery, because the record did not show that his sentence was enhanced based solely on the ACCA's residual clause.

On appeal, Twitty argues that his Florida robbery and Florida battery convictions do not constitute violent felonies. Twitty concedes that our binding decisions, including our decision in *Beeman*, foreclose his arguments on appeal, but he contends that those binding cases were wrongly decided.

In a § 2255 proceeding, we review a district court's legal conclusions *de novo* and its factual findings for clear error. *Devine v. United States*, 520 F.3d 1286, 1287 (11th Cir. 2008).

The ACCA prescribes a 15-year mandatory minimum sentence if a defendant is convicted of being a felon in possession of a firearm following three prior convictions for either a violent felony or a serious drug crime, or both. 18 U.S.C. § 924(e)(1). The ACCA defines a violent felony, under its elements clause, as any crime punishable by imprisonment for a term exceeding one year that has as an element the use, attempted use, or threatened use of physical force against the person of another. *Id.* § 924(e)(2)(B)(i).

Under the law of this Circuit when Twitty was sentenced in 2011, a Florida aggravated battery conviction could constitute a violent felony under the ACCA's elements clause using the modified categorical approach. *See Curtis Johnson v. United States*, 559 U.S. 133, 135-40, 144-45 (2010).

In *Beeman*, we held that a defendant bringing a *Johnson* claim in a § 2255 motion has the burden to "show that—more likely than not—it was use of the residual clause that led to the sentencing court's enhancement of his sentence." *Beeman*, 871 F.3d at 1221-22. And, "[i]f it is just as likely that the sentencing court relied on the elements or enumerated offenses clause, solely or as an

3

alternative basis for the enhancement, then the movant has failed to show that his enhancement was due to use of the residual clause." *Id.* at 1222.

Under our binding precedent, Florida robbery categorically qualifies as a violent felony under the ACCA. *See United States v. Joyner*, 882 F.3d 1369, 1378-79 (11th Cir. 2018). Under the prior precedent rule, we are bound by our prior decisions unless and until they are overruled by the Supreme Court or this Court *en banc*. *United States v. Brown*, 342 F.3d 1245, 1246 (11th Cir. 2003).

The District Court's decision is due to be affirmed, because, as Twitty acknowledges, our precedents foreclose his arguments on appeal. First, Twitty concedes that we are "obligated to affirm the district court's decision" as to his Florida battery claim based on the holding in *Beeman*. Moreover, as Twitty also concedes, his argument that his Florida robbery conviction does not qualify as a violent felony under the ACCA is foreclosed by our precedent. Although Twitty argues that *Beeman* and our Florida robbery decisions were wrongly decided, they remain binding precedent in this Circuit unless and until they are overruled. Accordingly, we affirm.

**AFFIRMED.**

4