[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12246
Non-Argument Calendar
_____

D.C. Docket Nos. 1:16-cv-00322-ODE,
1:02-cr-00551-ODE-AJB-1

JESSIE SMITH,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(September 12, 2018)

Before WILSON, ROSENBAUM, and HULL, Circuit Judges.

PER CURIAM:

Jessie Smith appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate, which raised a challenge to his sentence under *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551 (2015).  The district court granted a certificate of appealability ("COA") on the issue of whether Georgia's robbery statute qualifies as a violent felony under the "elements clause" of the Armed Career Criminal Act ("ACCA").  After the district court's decision but before the parties briefed this appeal, we issued *Beeman v. United States*, 871 F.3d 1215 (11th Cir. 2017), which held that a § 2255 movant, to obtain relief based on *Johnson*, must prove that it is more likely than not that his sentence was enhanced pursuant to the ACCA's "residual clause."  After careful review, we affirm because Smith cannot meet his burden of proof under *Beeman*.

**I.**

Smith challenges his 262-month sentence of imprisonment for possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(e). Smith's presentence investigation report ("PSR") classified him as an armed career criminal under the ACCA, 18 U.S.C. § 924(e), based on his prior convictions in Georgia for aggravated assault in 1974, robbery in 1974 and 1978, and burglary in 1986.  Smith objected to his classification as an armed career criminal on several grounds, but not on the ground that the convictions did not qualify as violent felonies under the ACCA.  At his sentencing in 2004, the district court overruled

2

his objections, adopted the PSR, and sentenced him to 262 months.  We affirmed his conviction and sentence on direct appeal.

In February 2016, within one year of the *Johnson* decision, Smith filed a *pro se* § 2255 motion arguing, among other things, that his sentence should be vacated because it was based on the residual clause, which *Johnson* invalidated as unconstitutionally vague.  Later, court-appointed counsel appeared on Smith's behalf and filed an amended § 2255 motion elaborating on the *Johnson* claim.

The district court denied Smith's § 2255 motion.  According to the court, his prior robbery convictions qualified as violent felonies under the elements clause of the ACCA and his prior burglary conviction qualified under the enumerated offenses clause of the ACCA.[1]  The court did not address the conviction for aggravated assault or whether Smith proved he was sentenced under the residual clause.  Smith now appeals the denial of his § 2255 motion.

## II.

In reviewing a district court's denial of a § 2255 motion, we review legal conclusions *de novo* and findings of fact for clear error.  *Spencer v. United States*, 773 F.3d 1132, 1137 (11th Cir. 2014) (*en banc*).  Ordinarily, the scope of our review of an unsuccessful § 2255 motion is limited to the issues enumerated in the

---

[1] In its original order, the district court did not specify under which clause the robbery convictions qualified.  In response to Smith's motion to alter or amend, Fed. R. Civ. P. 59(e), the court issued an order clarifying that the robbery convictions qualified under the elements clause. Smith appeals both orders, which we address jointly in this appeal.

3

COA. *McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011). Nevertheless, we may affirm the judgment on any ground supported by the record, *Castillo v. United States*, 816 F.3d 1300, 1303 (11th Cir. 2016), even if that ground is not encompassed within the COA. *See Jennings v. Stephens*, 135 S. Ct. 793, 802 (2015) (holding that no COA is required for "the defense of a judgment on alternative grounds").

Ordinarily, a defendant who is convicted of violating § 922(g) may not be sentenced to more than 10 years in prison. 18 U.S.C. § 924(a)(2). But if the defendant has three or more prior convictions for a "violent felony" or "serious drug offense," the ACCA requires a prison sentence of no less than 15 years. *Id.* § 924(e)(1). When Smith was sentenced in 2004, the ACCA defined the term "violent felony" as any felony that

(i)     has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii)    is burglary, arson, or extortion, involves use of explosives, or **otherwise involves conduct that presents a serious potential risk of physical injury to another.**

*Id.* § 924(e)(2)(B) (emphasis added). We refer to the first prong of this definition as the "elements clause," while the second prong contains what we refer to as the "enumerated offenses clause" and, in bold, the "residual clause." *Beeman*, 871 F.3d at 1218.

In June 2015, the Supreme Court in *Johnson* struck down the residual clause of the ACCA as unconstitutionally vague. *Johnson*, 135 S. Ct. at 2557–58, 2563. The Court later held that *Johnson* was retroactively applicable to cases on collateral review, paving the way for federal prisoners, like Smith here, to file § 2255 motions based on *Johnson*. *Welch v. United States*, 578 U.S. ___, ___, 136 S. Ct. 1257, 1268 (2016).

In *Beeman*, which we decided after the district court's ruling in this case, we determined what a § 2255 movant must show to prove a *Johnson* claim. We held that "the movant must show that—more likely than not—it was use of the residual clause that led to the sentencing court's enhancement of his sentence." *Beeman*, 871 F.3d at 1221–22. Put differently, the movant must show that "the sentencing court relied solely on the residual clause" to enhance his sentence. *Id.* at 1221.

Whether a movant was sentenced on the basis of the residual clause is a "historical fact." *Id.* at 1224 n.5. Evidence of that historical fact may include statements made by the parties, by the sentencing judge, or in the PSR. *See id.* at n.4. It may also include consideration of how courts viewed the statutes under which the movant had previously been convicted, and how courts interpreted other similar statutes at the time he received his ACCA enhancement. *See id.* at n.5. However, we explained that court decisions issued after the time of sentencing

5

"cast[] very little light, if any," on the historical fact of "whether [the movant] was, in fact, sentenced under the residual clause only." *Id.*

For a defendant to prove that his sentence "more likely than not" relied solely on the residual clause, it is not enough to show that it is "merely possible that the court relied on that clause to enhance the sentence." *Id.* at 1221. Rather, if the record is unclear, and it is just as likely that the court relied on a different clause when it enhanced the defendant's sentence, "then the movant has failed to show that his enhancement was due to use of the residual clause." *Id.* at 1222.

## III.

On appeal, Smith, who is represented by counsel, argues that his convictions for Georgia robbery, O.C.G.A. § 16-8-40, do not qualify as violent felonies under the elements clause because neither robbery by force nor robbery by intimidation requires the use, attempted use, or threatened use of *violent* physical force. The government responds that Smith's convictions do qualify under the elements clause but that, in any case, *Beeman* compels that the district court's judgment be affirmed on the alternative ground that Smith cannot show he was sentenced based on the residual clause.

In reply, Smith largely ignores *Beeman*, which he believes was wrongly decided, and continues to press his arguments under the elements clause. These

arguments, however, are not relevant to *Beeman*'s historical-fact inquiry.[2]  To the extent he addresses *Beeman* at all, Smith maintains we should not consider it because the government did not raise a burden-of-proof defense before the district court, which he says amounts to waiver of that defense.  But we cannot simply ignore controlling precedent, whether the government should have anticipated it or not.  *See United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008) ("[W]e are bound to follow a prior binding precedent unless and until it is overruled by this court en banc or by the Supreme Court." (quotation marks omitted)).

So the question becomes whether we should remand Smith's case to the district court to apply the new standard in *Beeman* in the first instance.  Faced with a similar situation, the *Beeman* panel declined to remand where the "record ma[de] clear" that the movant had not carried his burden of proving the *Johnson* claim on the merits and he "ha[d] not suggested . . . that a remand for an evidentiary hearing would do him any good."  *Beeman*, 871 F.3d at 1221.  Instead, the movant chose to proceed on the record as it existed at the time of appeal, so "we consider[ed] his *Johnson* claim on that record."  *Id.*

---

[2] In *Beeman*, we distinguished between *Johnson* claims and *Descamps* claims.  In a *Descamps* claim, the defendant asserts that he "was incorrectly sentenced as an armed career criminal under the elements or enumerated offenses clause."  *Beeman*, 871 F.3d at 1220.  A *Johnson* claim, by contrast, "contends that the defendant was sentenced as an armed career criminal under the residual clause."  *Id.*  Smith's arguments regarding the elements clause appear to present a *Descamps* claim, not a *Johnson* claim.  Any *Descamps* claim, however, is well outside the applicable limitations period.  *See id.* at 1219–20.

Despite our normal preference for district courts to apply new standards in the first instance, we decline to remand here.  Smith has not indicated that remanding his case to the district court to decide his § 2255 motion under *Beeman* "would do him any good."  *See id*.  By failing to address the government's arguments that *Beeman* compels our affirmance of the judgment denying his § 2255 motion, he effectively concedes he could not meet his burden on remand.  And, in fact, he did concede that *Beeman* was basically dispositive in an earlier-filed motion to this Court.  Without any suggestion by Smith as to what purpose remand would serve under the circumstances, we must conclude that, as in *Beeman*, "he has chosen to proceed on the basis of the record as it now exists, and we consider his *Johnson* claim on that record."  *Id.*

The record as it now exists makes clear that denial of Smith's § 2255 motion was the correct result because Smith has not carried his burden of proving his *Johnson* claim on the merits.  Nothing in the sentencing record gives any hint as to which ACCA clause or clauses the court used to apply the ACCA enhancement.  Nor does Smith point to any precedent in 2004—when he was sentenced—holding or otherwise making obvious that a violation of Georgia's robbery, burglary, or aggravated assault statutes "qualified as a violent felony only under the residual clause."  *See id.* at 1224.  Because the record is unclear, and it is just as likely that the sentencing court relied on a different clause when it enhanced Smith's

sentence, Smith "has failed to show that his enhancement was due to use of the residual clause." *Id.* at 1222.

Given this record and our binding precedent, Smith failed to prove that his sentence was enhanced under the ACCA's residual clause. He therefore cannot prevail on his *Johnson* claim, according to *Beeman*. So we affirm the denial of his § 2255 motion.

**AFFIRMED.**