[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12266
Non-Argument Calendar
_____

D.C. Docket Nos. 8:16-cv-01620-JSM-TGW,
8:06-cr-00111-JSM-TGW-2

EDWARD BRUNO GARCIA,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 11, 2018)

Before ED CARNES, Chief Judge, JILL PRYOR, and JULIE CARNES, Circuit
Judges.

PER CURIAM:

Edward Bruno Garcia appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence.  Garcia contends that the sentence enhancement he received under the Armed Career Criminal Act for knowingly possessing ammunition as a convicted felon was unconstitutional in light of the Supreme Court's decision in Johnson v. United States, 576 U.S. __, 135 S. Ct. 2551 (2015).  The district court found that Garcia failed to show that his armed career criminal designation was based on the ACCA's residual clause, which the Supreme Court in Johnson struck down as unconstitutionally vague.  135 S. Ct. at 2557.  But the district court granted Garcia a certificate of appealability on the issue of "whether [he] has the burden to show [that] his armed career criminal sentence may have relied on the invalidated ACCA residual clause or whether [he] must show [that] his sentence actually relied on the ACCA residual clause."[1]

While this issue may have been debatable when the district court granted the COA, it no longer is.  We have since held that a "movant must show that — more likely than not — it was use of the residual clause that led to the sentencing court's enhancement of his sentence."  Beeman v. United States, 871 F.3d 1215, 1221–22

---

[1] We have emphasized that a COA, "whether issued by this Court or a district court, must specify what constitutional issue jurists of reason would find debatable."  Spencer v. United States, 773 F.3d 1132, 1138 (11th Cir. 2014) (en banc).  The COA here arguably fails to sufficiently specify the link between the sentencing enhancement question and the underlying constitutional issue:  Garcia's Fifth Amendment right to due process.  Regardless, because defects in a COA are not jurisdictional, and because the parties' briefs to this Court focus on that underlying constitutional issue, we will exercise our discretion to consider Garcia's claim.  See id. at 1137–38.

(11th Cir. 2017). The district court applied that standard, and we must do the same. And Garcia does not argue that he can meet this standard, only that it is wrong. But "[u]nder our prior precedent rule, a panel cannot overrule a prior one's holding." United States v. Steele, 147 F.3d 1316, 1317–18 (11th Cir. 1998) (en banc). Here, Garcia failed to carry his burden of showing that it was more likely than not that the residual clause led to his ACCA-enhanced sentence. The record shows nothing about whether the sentencing court relied on the ACCA's residual clause, and it shows that Garcia had at least three prior convictions that qualified as violent felonies or serious drug offenses.

**AFFIRMED**.