[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-14927

_____

D.C. Docket Nos. 4:12-cv-00470-RH-CAS; 4:10-cr-00025-RH-CAS-1

ALDO RAY WILSON,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(January 3, 2019)

Before MARTIN, JILL PRYOR, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Aldo Wilson appeals the District Court's decision denying his 28 U.S.C.

§ 2255 motion to vacate his sentence, after a jury convicted him of being a felon in

possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), the

Armed Career Criminal Act ("ACCA").

In his § 2255 motion, Mr. Wilson raised one claim of ineffective assistance of trial counsel.  Mr. Wilson later filed a supplemental § 2255 motion, challenging his ACCA sentence and relying on Descamps v. United States, 570 U.S. 254, 133 S. Ct. 2276 (2013).  Following issuance of the Supreme Court's decision in Johnson v. United States, 576 U.S. __, 135 S. Ct. 2551 (2015), which held that the residual clause of the ACCA was unconstitutionally vague, Mr. Wilson also asserted a Johnson claim in his reply brief.

Following the recommendation of a magistrate judge, the district court rejected both the Descamps claim and the Johnson claim, and we granted a certificate of appealability.  After Mr. Wilson filed his opening brief on appeal, this Court issued Beeman v. United States, 871 F.3d 1215 (11th Cir. 2017), which held that Descamps and Johnson claims were distinct for purposes of determining timeliness and which clarified the burden of proof for establishing a Johnson claim in a § 2255 proceeding.

Because the District Court did not have the benefit of our decision in Beeman when it ruled on Mr. Wilson's § 2255 motion, we vacate and remand.  On remand, the District Court should decide the timeliness and merits of each claim. As to the timeliness question, the district court should also consider Mr. Wilson's contention that the Government has waived its statute of limitations defense, and in

doing so, it should consider the entire record, both the record before the district court and the record on appeal in this Court.

**VACATED AND REMANDED.**