[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15879
Non-Argument Calendar
_____

D.C. Docket Nos. 1:16-cv-01939-TWT,
1:08-cr-00403-TWT-JFK-1

DERRICK G. CARMICHAEL,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(January 28, 2019)

Before MARTIN, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Derrick Carmichael appeals the denial of his 28 U.S.C. § 2255 motion to

vacate his sentence.  Carmichael argues that his sentence was unconstitutionally

enhanced under the Armed Career Criminal Act ("ACCA") residual clause, which the Supreme Court struck down as void for vagueness in *Johnson v. United States*, 135 S. Ct. 2551 (2015). While this appeal by Carmichael was pending, we issued *Beeman v. United States*, which set forth a § 2255 movant's burden of proof when seeking relief under *Johnson*. *See* 871 F.3d 1215 (11th Cir. 2017). After careful review, we vacate and remand to the district court to apply the *Beeman* test in the first instance.

## I.

In 2009, Carmichael pled guilty to firearm possession by a felon in violation of 18 U.S.C. § 922(g). He was sentenced to the mandatory minimum of fifteen years' imprisonment under the ACCA, which enhances the sentence of a defendant with three or more "violent felony" or "serious drug offense" convictions. 18 U.S.C. § 924(e)(1). Carmichael's sentence enhancement was based on three felony convictions under Georgia's aggravated assault statute, as well as one conviction for cocaine possession with intent to distribute.

At the time that Carmichael was sentenced, the ACCA defined "violent felony" as any crime punishable by more than a year's imprisonment that:

(i)    has as an element the use, attempted use, or threatened use of physical force against the person of another; or

>    (ii)    is burglary, arson, or extortion, involves use of explosives, *or*
>
>            *otherwise involves conduct that presents a serious potential risk of*
>
>            *physical injury to another*.

*Id.* § 924(e)(2)(B).  The first subsection is known as the "elements clause," while the second contains the "enumerated offenses clause" and, in italics, the "residual clause."  On June 26, 2015, *Johnson* struck down the residual clause as unconstitutionally vague; the Supreme Court later held that *Johnson* was retroactively applicable to cases on collateral review.  *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016).

Less than a year after *Johnson* was decided, Carmichael filed a motion arguing that his convictions for Georgia aggravated assault did not qualify as violent felonies under the elements clause or the enumerated offenses clause, and thus could not satisfy the ACCA except through the residual clause that had been deemed unconstitutional in *Johnson*.  The district court denied his motion, but granted a certificate of appealability on three issues: whether the motion was time-barred because it failed to state a *Johnson* claim, whether it was procedurally defaulted, and whether the Georgia crime of aggravated assault is a violent felony under the ACCA elements clause.

3

II.

Our decision in *Beeman*, issued after the district court's decision in this case, provides a roadmap for evaluating § 2255 claims like Carmichael's.[1]  *First*, we clarified that in order to state a claim under *Johnson*, the movant must allege that he was unconstitutionally sentenced under the residual clause, not that he was incorrectly sentenced under the elements or enumerated offenses clauses.  *Second*, we held that a *Johnson* claim brought before the one-year anniversary of the Supreme Court's *Johnson* decision—that is, before June 26, 2016—is timely under 28 U.S.C. § 2255(f)(3).  *Third*, we determined that to prove a *Johnson* claim on the merits, "the movant must show that—more likely than not—it was use of the residual clause that led to the sentencing court's enhancement of his sentence." *Beeman*, 871 F.3d at 1222.  "If it is just as likely that the sentencing court relied on the elements or enumerated offenses clause, solely or as an alternative basis for the enhancement," the movant has failed to carry his burden.  *Id.*  In other words, if "the evidence does not clearly explain what happened . . . the party with the burden loses."  *Id.* at 1225 (quoting *Romine v. Head*, 253 F.3d 1349, 1357 (11th Cir. 2001).

---

[1] In a § 2255 proceeding, we review a district court's legal conclusions *de novo* and its factual findings for clear error.  *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).

Moreover, whether a movant was sentenced under the residual clause is an issue of "historical fact." *Id.* at 1224 n.5. Evidence of that historical fact may include "comments or findings by the sentencing judge indicating that the residual clause was relied on," "statements in the [presentence investigation report]," or "concessions by the prosecutor that those two other clauses do not apply to the conviction in question." *Id.* at 1224 n.4. A movant may also proffer as evidence case law "holding, or otherwise making obvious, that [the predicate offense] qualified as a violent felony only under the residual clause" at the time of his sentencing. *Id.* at 1224. For instance, if a case predating the movant's sentencing held that one of his predicate offenses could not satisfy the ACCA elements or enumerated offenses clauses, it would be evidence that—by process of elimination—the sentencing court must have relied on the residual clause. Because the inquiry concerns the "historical fact" of whether the movant was actually sentenced under the residual clause, case law handed down after sentencing "casts very little light" on the issue. *Id.* at 1224 n.5.

## III.

The Government now concedes, and we agree, that Carmichael has raised a timely *Johnson* claim. Carmichael's § 2255 motion, which he filed before the *Johnson* decision's one-year anniversary, stated a *Johnson* claim using the same language we deemed sufficient in *Beeman*. The Government has also agreed to

waive its procedural default defense.  *See In re Jackson*, 826 F.3d 1343, 1348 (11th Cir. 2016) ("[T]he procedural-default rule is not jurisdictional, but is an affirmative defense that is subject to waiver by the government." (citation omitted)).

The sole issue on appeal is whether Carmichael was, as a matter of historical fact, sentenced under the unconstitutional residual clause.  Because the district court had no opportunity to apply the new standard articulated in *Beeman*, the record is not fully developed on this point.  And we cannot say, as we did in *Beeman*, that Carmichael has "pointed to no precedent in 2009" that could have led a court to sentence him only under the residual clause.  *Beeman*, 871 F.3d at 1224.  Accordingly, we find that a remand is appropriate.  *See Whatley v. Warden, Ware State Prison*, 802 F.3d 1205, 1213 (11th Cir. 2015) ("[W]e are a court of appeals. We do not make fact findings.  We review them for clear error.").  On remand, the district court should consider in the first instance whether Carmichael can show, as a historical fact, that he was more likely than not sentenced under the residual clause.

**VACATED AND REMANDED.**