[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-14167
Non-Argument Calendar
_____

D.C. Docket Nos. 2:16-cv-00033-LGW-BWC,
2:12-cr-00005-LGW-BWC

ALEX BENNETT,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

( June 22, 2020)

Before JILL PRYOR, BRANCH, and EDMONDSON, Circuit Judges.

PER CURIAM:

Alex Bennett, a federal prisoner proceeding with appointed counsel, appeals the district court's denial of his pro se 28 U.S.C. § 2255 motion to vacate his sentence: one imposed under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).

Briefly stated, Bennett contends he no longer qualifies as an armed career offender following the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), which struck down as unconstitutionally vague the ACCA's residual clause. In denying Bennett relief, the district court found and concluded that Bennett failed to show -- as required for relief per Johnson by our decision in Beeman v. United States, 871 F.3d 1215 (11th Cir. 2017) -- that he was actually sentenced under the ACCA's residual clause. No reversible error has been shown; we affirm.

Under the ACCA, a defendant who is convicted of being a felon in possession of a firearm and who has three or more prior convictions "for a violent felony or a serious drug offense" is subject to a mandatory minimum 15-year sentence. 18 U.S.C. § 924(e)(1). The ACCA defines the term "violent felony" as a crime punishable by a term of imprisonment exceeding one year that:

> (i)    has as an element the use, attempted use, or threatened use of physical force against the person of another; or

2

(ii)    is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

Id. § 924(e)(2)(B).  This definition consists of three clauses.  Subsection (i) is known as the "elements clause," the first part of subsection (ii) is called the "enumerated offenses clause," and the second part of subsection (ii) -- "or otherwise. . . ." -- is known as the "residual clause."  See Beeman, 871 F.3d at 1218.

In 2012, Bennett pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  The Presentence Investigation Report ("PSI") classified Bennett as an armed career offender under the ACCA because Bennett had at least three prior convictions for a violent felony or a serious drug offense.  The PSI listed Bennett's prior criminal history, which included (among other convictions) two convictions for drug-related offenses and a 1998 Georgia conviction for robbery.  Bennett filed no objections to the PSI.

At the 2013 sentencing hearing, the sentencing court adopted the PSI.  The sentencing court sentenced Bennett below the advisory guidelines range to the 15-year mandatory minimum sentence under the ACCA.  Bennett raised no objection after his sentence was pronounced and filed no direct appeal.

3

In 2016, Bennett filed pro se the section 2255 motion involved in this appeal. In pertinent part, Bennett argued that his 1998 Georgia conviction for robbery by force -- an offense Bennett said fell under the ACCA's residual clause -- was no longer a violent felony in the light of the Supreme Court's decision in Johnson.

The magistrate judge issued a report and recommendation ("R&R"), recommending that the district court deny Bennett's section 2255 motion. About Bennett's 1998 Georgia robbery conviction, the magistrate judge concluded that Georgia robbery by force under O.C.G.A. § 16-8-40(a), qualified as a violent felony under the ACCA's elements clause and, thus, remained an ACCA-predicate offense after Johnson. In October 2017, the district court adopted the R&R as the opinion of the court and denied Bennett's section 2255 motion.

This court granted Bennett a certificate of appealability ("COA") on whether the district court erred in determining that Georgia robbery by force qualified categorically as a violent felony under the ACCA's elements clause. On appeal, however, we vacated the district court's judgment and ordered a limited remand for the district court to determine -- in the light of our decision in Beeman -- whether Bennett could show that it was more likely than not that he was, in fact, sentenced

4

under the ACCA's residual clause.  See Bennett v. United States, 769 F. App'x

689 (11th Cir. 2019) (unpublished).

On limited remand, the district court appointed counsel for Bennett, ordered

additional briefing, and conducted an evidentiary hearing on the Beeman issue.  In

August 2019, the district court denied Bennett's section 2255 motion because

Bennett failed to meet his burden under Beeman.  The district court, however,

granted Bennett's motion for a COA on the Beeman issue.[*]

In reviewing the district court's denial of a section 2255 motion, we review

de novo the district court's legal conclusions and review the district court's factual

---

[*] The district court also purported to grant Bennett a COA on whether the district court erred in determining that Georgia robbery by force constituted a violent felony under the ACCA's elements clause.  That issue, however, is not properly before us in this appeal.

As an initial matter, we note that the district court's October 2017 order ruling on the elements clause issue had been vacated by this Court.  In the August 2019 order now on appellate review, the district court -- properly -- reached no decision on the elements clause issue: an issue that would have been outside the scope of this Court's limited remand.

Moreover, the record makes clear that Bennett is pursuing a claim based purely on the ACCA's residual clause and Johnson.  At the evidentiary hearing on remand, the district court asked Bennett's lawyer about whether Georgia robbery by force would satisfy the ACCA's elements clause.  In response, Bennett's lawyer conceded -- and we agree -- that "the Beeman decision has foreclosed [Bennett's] ability really to argue a De[s]camp[s] argument against robbery by force." For background, see Beeman, 871 F.3d at 1220 (distinguishing between Johnson claims and claims based on the Supreme Court's decision in Descamps v. United States, 570 U.S. 254 (2013): "A Johnson claim contends that the defendant was sentenced as an armed career criminal under the residual clause, while a Descamps claim asserts that the defendant was incorrectly sentenced as an armed career criminal under the elements or enumerated offense clause.").

For these reasons, we need not address in this appeal whether Georgia robbery by force truly qualified -- in 2013 or presently -- as a violent felony under the ACCA's elements clause.

findings for clear error.  McKay v. United States, 657 F.3d 1190, 1195 (11th Cir. 2011).

In Beeman, we concluded that "[t]o prove a Johnson claim, the movant must show that -- more likely than not -- it was use of the residual clause that led to the sentencing court's enhancement of his sentence."  871 F.3d at 1221-22.  Whether the sentencing court relied on the residual clause at the time of sentencing is a question of "historical fact."  Id. at 1224 n.5.  "If it is just as likely that the sentencing court relied on the elements or enumerated offenses clause, solely or as an alternative basis for the enhancement then the movant has failed to show that his enhancement was due to the use of the residual clause."  Id. at 1222.

The district court committed no clear error in finding that Bennett failed to show -- as a matter of historical fact -- that he was sentenced based solely on the residual clause.  As in Beeman, the record in this case is silent on what clause the sentencing court relied upon in sentencing Bennett under the ACCA.  About Bennett's ACCA-enhanced sentence, the sentencing court said only that it was "[Bennett's] significant criminal history, including two felony convictions for crimes of violence and multiple drug convictions, that has earned his career criminal status."  The sentencing court said nothing about what clause (or clauses) it relied upon in classifying Bennett as an armed career offender.  Nor did the PSI

6

or the sentencing court's statement of reasons provide a hint about what clause (or clauses) the sentencing court had in mind when it imposed the ACCA-enhanced sentence.

Bennett admits that the record contains no "enlightening evidence" on the Beeman issue. Bennett argues, instead, that -- because no court had already held in 2013 that Georgia robbery qualified as a violent felony under the elements clause -- the sentencing court more likely than not relied on the residual clause in enhancing Bennett's sentence under the ACCA.

The district court rejected this argument and made this finding instead:

> It is just as likely that the Court found at Petitioner's sentencing that his Georgia burglary-by-force conviction qualified as a "violent felony" under the elements clause because no court in the Eleventh Circuit had held otherwise and the elements of the offense itself seem to satisfy the elements clause. The only evidence, then, that Petitioner points to in an attempt to satisfy his burden is circumstantial evidence that is inconclusive because it cuts both ways.

We cannot conclude that the district court's finding is clearly erroneous. In denying relief in Beeman, we noted that the movant had identified "no precedent [existing at the time of sentencing] holding, or otherwise making obvious, that a violation of [the pertinent state criminal statute] qualified as a violent felony only under the residual clause." See id. at 1224 (emphasis added). In a similar way, nothing makes it obvious that only the residual clause in 2013 might have provided

7

a rationale for the sentencing judge to apply the ACCA to Bennett's sentence. Given the absence of precedent on the issue and the nature and wording of the pertinent state law, the district court might well have considered in 2013 either the elements clause or the residual clause, or both, as possible bases for imposing a sentence under the ACCA.

In the light of the record and the law that existed in 2013, the district court committed no error in determining that Bennett failed to satisfy his burden of proof under Beeman. Accordingly, Bennett has not met his burden for relief under Johnson. We thus affirm the denial of Bennett's section 2255 motion to vacate.

AFFIRMED.