[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-12056
Non-Argument Calendar

_____

D.C. Docket Nos. 1:16-cv-02079-ODE,
1:91-cr-00324-ODE-WLH

LEE DREW BUTLER,

Petitioner - Appellant,

versus

UNITED STATES OF AMERICA,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 30, 2018)

Before TJOFLAT, MARCUS and ROSENBAUM, Circuit Judges.

PER CURIAM:

Lee Drew Butler, a federal prisoner, appeals the District Court's denial of

his motion to vacate, set aside, or correct sentence, 28 U.S.C. § 2255.  Butler

argues that his prior Georgia armed robbery convictions were no longer Armed Career Criminal Act ("ACCA") predicate violent felonies in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).

## I.

In reviewing a district court's denial of a § 2255 motion, we review *de novo* the court's legal conclusions and review the court's factual findings for clear error. *Spencer v. United States*, 773 F.3d 1132, 1137 (11th Cir. 2014) (*en banc*). When appropriate, we will review *de novo* whether a defendant's prior conviction qualifies as a violent felony under the ACCA. *United States v. Hill*, 799 F.3d 1318, 1321 (11th Cir. 2015).

Ordinarily, appellate review is limited to the issues specified in the COA. *Murray v. United States*, 145 F.3d 1249, 1250–51 (11th Cir. 1998). However, procedural issues that must be resolved before we can address the underlying claim specified in a COA are presumed to be encompassed in the COA. *McCoy v. United States*, 266 F.3d 1245, 1248 n.2 (11th Cir. 2001) (reviewing as within the scope of the COA whether the movant's § 2255 motion was procedurally barred when the district court had not addressed the issue). Further, it is well established that we may affirm the district court on any ground supported by the record, regardless of the ground stated in the district court's order or judgment. *Castillo v. United States*, 816 F.3d 1300, 1303 (11th Cir. 2016).

The ACCA, which imposes heightened prison sentences for certain defendants with three prior convictions for either violent felonies or serious drug offenses, defines the term "violent felony" as any crime punishable by a term of imprisonment exceeding one year that:

> (i)     has as an element the use, attempted use, or threatened use of physical force against the person of another; or

> (ii)    is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B).  The first prong of this definition is referred to as the "elements" clause, the second prong contains the "enumerated crimes" clause and, finally, what is commonly called the "residual" clause.  *United States v. Owens*, 672 F.3d 966, 968 (11th Cir. 2012).

In *Johnson*, the Supreme Court held that the residual clause was unconstitutionally vague, but stated that its holding did not affect the elements clause.  135 S. Ct. at 2557–58, 2563.  The Court later held that its decision in *Johnson* applied retroactively to cases on collateral review.  *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).  Thus, a § 2255 claim challenging a sentence under the residual clause is known as a "*Johnson* claim."

A challenge to an improper sentence under the elements or enumerated offenses clauses, on the other hand, is commonly called a "*Descamps* claim," after *Descamps v. United States*, in which the Supreme Court clarified the "categorical

3

approach" for evaluating offense elements.  570 U.S. 254, 260, 133 S. Ct. 2276, 2283 (2013); *see also United States v. Davis*, 875 F.3d 592, 597 (11th Cir. 2017) (explaining that, under the categorical approach, we "presume that the state conviction rested upon the least of the acts criminalized by the statute[, a]nd then . . . decide if the least of the acts criminalized includes the use, attempted use, or threatened use of physical force against another person").

In *Beeman v. United States*, decided after the District Court ruled in this case, we clarified that a claim based on *Descamps* would not trigger the one-year limitations provision of 28 U.S.C. § 2255(f)(3), but a claim based on *Johnson* would.  871 F.3d 1215, 1219–20 (11th Cir. 2017).  To distinguish between the two, we explained that "[a] *Johnson* claim contends that the defendant was sentenced as an armed career criminal under the residual clause, while a *Descamps* claim asserts that the defendant was incorrectly sentenced . . . under [the other] clause[s]."  *Id.* We found that a federal prisoner had raised a timely *Johnson* claim because he argued that his offense "historically qualified as an ACCA predicate under the ACCA's residual clause," and because he filed his motion just before the one-year anniversary of the *Johnson* decision.  *Id.* at 1220–21.

Considering the merits of the prisoner's *Johnson* claim, we determined that he did not carry his burden of proving that his sentence enhancement was based on the residual clause.  *Id.* at 1225.  We held that, "[t]o prove a *Johnson* claim, the

4

movant must show that—more likely than not—it was use of the residual clause that led to the sentencing court's enhancement of his sentence." *Id.* at 1221–22. Further, "if it is just as likely that the sentencing court relied on the 'elements' or 'enumerated crimes' clauses, solely or as an alternative basis for the enhancement, then the movant has failed to show that his enhancement was due to use of the residual clause." *Id.* at 1222. "[C]onclusory" statements lacking support in the record that the district court "must have relied on the residual clause" are not sufficient to meet this burden. *Id.* at 1224. Similarly, "general observations" that an offense "historically qualified as an ACCA predicate under the ACCA's residual clause" do not show that a movant was sentenced as an armed career criminal "solely because of the residual clause." *Id.* (quotation marks and alterations omitted).

With respect to what sort of evidence in the record might demonstrate whether a defendant was sentenced under the residual clause, we explained that "[e]ach case must be judged on its own facts." *Id.* at 1231 n.4. Direct evidence in the record could include statements by the sentencing judge that the residual clause was relied upon and was the basis for finding the defendant to be an armed career criminal. *Id.* Circumstantial evidence could include unobjected to statements in the PSI stating that the enumerated crimes and elements clauses did not apply to

the predicate offense, or statements by the prosecutor in the sentencing record that those clauses did not apply. *Id.*

Here, the record supports the District Court's denial of Butler's § 2255 motion. He failed to carry his burden of showing that he was sentenced as an armed career criminal solely because of the residual clause. Butler's motion stated only that the residual clause was a "potential basis" for his ACCA-enhanced sentence and conceded that the District Court "likely did not offer a specific finding on which box—elements clause, residual clause, or both—the Georgia armed robbery conviction fit into." Nor does he argue on appeal that the District Court relied on the residual clause, but asserts exclusively that his Georgia armed robbery convictions were not violent felonies under the elements clause. Moreover, Butler did not present any evidence that the District Court relied on the residual clause when sentencing him. The PSI did not specify on which basis it determined that his prior convictions were violent felonies, the record does not contain a transcript of his 1992 sentencing hearing, and Butler pointed to no precedential authority holding that his predicate offenses only qualified as violent felonies under the residual clause. Thus, although Butler raised a timely *Johnson*

claim, he did not meet his burden to show that he was actually sentenced under the

ACCA's residual clause.  Accordingly, we affirm.[1]

**AFFIRMED.**

---

[1] In light of the foregoing, it is unnecessary for us to address whether Butler's prior Georgia convictions for armed robbery remain ACCA-predicate violent felonies under the elements clause.