[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15394
Non-Argument Calendar
_____

D.C. Docket Nos. 1:16-cv-02090-TWT; 1:01-cr-00726-TWT-GGB-1

CHARLES HARPER,

　　　　　　　　　　　　　　　　　　　　　　　Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

　　　　　　　　　　　　　　　　　　　　　　　Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(July 16, 2018)

Before JORDAN, NEWSOM, and HULL, Circuit Judges.

PER CURIAM:

Charles Harper appeals the district court's denial of his authorized second 28 U.S.C. § 2255 motion to vacate, which raised a challenge to his sentence under *Johnson v. United States*, 135 S. Ct. 2551 (2015). The district court granted a certificate of appealability ("COA") regarding whether (1) Harper's motion to vacate was time-barred under 28 U.S.C. § 2255(f), and (2) the Georgia aggravated-assault statute has as an element the use, attempted use, or threatened use of physical force against the person of another. Although we conclude that the district court erred in denying Harper's motion as untimely, we nonetheless affirm because Harper cannot meet his burden of proving, under *Beeman v. United States*, 871 F.3d 1215 (11th Cir. 2017), that it is more likely than not that his sentence was enhanced pursuant to the Armed Career Criminal Act's residual clause in violation of *Johnson*. The facts are known to the parties; we will not repeat them here except as necessary.

In a § 2255 proceeding, we review a district court's legal conclusions *de novo* and its factual findings for clear error. *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003). We also review *de novo* the district court's determination that a § 2255 motion is time-barred. *Beeman*, 871 F.3d at 1219. Regardless of the ground stated in the district court's order or judgment, we may affirm on any ground supported by the record. *Castillo v. United States*, 816 F.3d 1300, 1303 (11th Cir. 2016).

2

There is a one-year statute of limitations for filing a § 2255 motion to vacate, which begins to run following, among other things, the date on which the judgment of conviction becomes final or "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(1), (3).  The § 2255(f) statute of limitations "requires a claim-by-claim approach to determine timeliness."  *Beeman*, 871 F.3d at 1219 (quotation marks omitted).  Thus, if a defendant asserts that his § 2255 motion is timely because he filed it within one year of the Supreme Court's issuance of a decision recognizing a new right, we must determine whether each claim asserted in the motion depends on that new decision.  *Id.*

The Armed Career Criminal Act ("ACCA") defines the term "violent felony" as any crime punishable by a term of imprisonment exceeding one year that:

(i)    has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii)    is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another ….

18 U.S.C. § 924(e)(2)(B).  The first prong of this definition is sometimes referred to as the "elements clause," while the second prong contains the "enumerated crimes clause" and, finally, what is commonly called the "residual clause."  *See*

3

*United States v. Owens*, 672 F.3d 966, 968 (11th Cir. 2012).  On June 26, 2015, the Supreme Court in *Johnson* held that the residual clause of the ACCA is unconstitutionally vague because it creates uncertainty about how to evaluate the risks posed by a crime and how much risk it takes to qualify as a violent felony. 135 S. Ct. at 2557-58, 2563.  Thus, under *Johnson*, a defendant's sentence cannot be enhanced using the ACCA's residual clause because the residual clause is unconstitutionally vague.  *Id.* at 2563. Thereafter, the Supreme Court held that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review.  *Welch v. United States*, 136 S. Ct. 1257, 1264-65, 1268 (2016).

In *Descamps v. United States*, the Supreme Court held that when a crime of conviction has only a "single, indivisible set of elements," sentencing courts may consider only the statute's language when determining if a conviction qualifies as a "violent felony" under the ACCA's elements clause. 570 U.S. 254, 258 (2013). Although we have held that the *Descamps* decision is retroactively applicable to cases on collateral review, we noted that *Descamps* did not set out a right newly recognized by the Supreme Court.  *See Mays v. United States*, 817 F.3d 728, 733-34 (11th Cir. 2016).

Importantly for present purposes, in *Beeman* we explained the difference between a claim relying on *Johnson* and a claim relying on *Descamps*, clarifying that a *Johnson* claim argues that the defendant was sentenced as an armed career

4

criminal under the residual clause, whereas "a *Descamps* claim asserts that the defendant was incorrectly sentenced as an armed career criminal under the elements or enumerated offenses clause." *Beeman*, 871 F.3d at 1220. We determined that the litigant there had sufficiently raised both. *Id.* We concluded that he had raised a *Descamps* claim in his § 2255 motion because he relied on that decision in arguing that his Georgia conviction for aggravated assault could no longer qualify as a violent felony under the elements clause. *Id.* Although the movant had primarily relied on *Descamps*, we concluded that he had nevertheless also raised a *Johnson* claim because he (1) filed his motion 19 days before the 1-year anniversary of the *Johnson* decision and (2) argued that Georgia aggravated assault historically qualified as an ACCA predicate under the residual clause and that courts have defaulted to using the residual clause for many state statutes that might otherwise have qualified under the elements or enumerated-offenses clauses. *Id.* at 1220-21. We held that the movant's *Descamps* claim was untimely but that he raised a timely *Johnson* claim. *Id.*

As to the merits of the *Johnson* claim, we held that a § 2255 movant must prove that it was "more likely than not" that the use of the residual clause led the sentencing court to impose the ACCA enhancement. *Id.* at 1221-22. As nothing in the record showed that the sentencing court relied on the residual clause—rather than the elements clause—and the movant there cited no precedent from the time

of sentencing showing that his conviction qualified as a violent felony only under the residual clause, we concluded that the movant could not carry his burden. *Id.* at 1224-25. However, we stated that each case must be judged on its own facts and that different kinds of evidence could be used to show that a sentencing court relied on the residual clause. *Id.* at 1224 n.4. As examples, we stated that a record may contain direct evidence in the form of a sentencing judge's comments or findings indicating that the residual clause was essential to an ACCA enhancement. *Id.* Further, we stated that a record may contain sufficient circumstantial evidence, such as unobjected-to presentence investigation report ("PSI") statements recommending that the enumerated-offenses and elements clauses did not apply or concessions made by the prosecutor that those two clauses did not apply. *Id.* We clarified, however, that the relevant issue is one of "historical fact"—whether at the time of sentencing the defendant was sentenced *solely* under the residual clause. *Id.* at 1224 n.5. Accordingly, we emphasized that precedent issuing after sentencing "casts very little light, if any, on the key question" whether the defendant was, in fact, sentenced only under the residual clause. *Id.*

Here, under *Beeman*, the district court erred when it determined that Harper's § 2255 motion was untimely. First, Harper filed his second § 2255 motion within one year of *Johnson*. *See Beeman*, 871 F.3d at 1219; 28 U.S.C.

§ 2255(f)(3).  Second, Harper's claim is appropriately characterized as a *Johnson* claim, despite his frequent citations to *Descamps*, because he (1) filed his § 2255 motion days before the one-year deadline for filing a *Johnson* claim, indicating that he intended to invoke *Johnson*; (2) argued that the only clause under which his Georgia aggravated assault conviction could have qualified under was the residual clause because there was no existing precedent analyzing it under the elements clause; and (3) asserted that he no longer had three predicate convictions after *Johnson*.  *Beeman*, 871 F.3d at 1220-21.

Despite the timeliness of Harper's motion, his *Johnson* claim nonetheless fails.  Like the movant in *Beeman*, Harper cannot prove that it is more likely than not that his sentence was enhanced under the ACCA's residual clause.  *See Beeman*, 871 F.3d at 1221-22.  In fact, he made a series of concessions before the district court that are dispositive of the issue.  In his second § 2255 motion, Harper acknowledged that whether Georgia aggravated assault remained a violent felony after *Johnson* was "up in the air," and noted that there was no binding precedent from this Court addressing the issue.  *Beeman*, 871 F.3d at 1224-25.  In his reply, Harper admitted that the record was silent as to whether the district court used the residual clause to enhance his sentence, as the district court did not specify under which clause his offenses qualified.  *Beeman*, 871 F.3d at 1223.  The most he could say is that the sentencing court *may* have relied on the residual clause

7

because it did not affirmatively rely on the elements clause. *See Beeman*, 871 F.3d at 1223-25. That is not enough. Harper has effectively conceded that he cannot meet the burden in *Beeman*.

Furthermore, Harper's concessions aside, the record here is silent as to which clause the court relied on to enhance his sentence. The district court at sentencing did not explain or indicate, one way or the other, whether the ACCA enhancement applied because Georgia aggravated assault was a violent felony under the elements clause or residual clause. *Beeman*, 871 F.3d at 1221-25. While the sentencing court noted that Harper was an armed career criminal—an assertion with which Harper's counsel affirmatively agreed—it did not state *how* it came to that determination. Nor is Harper able to point to any precedent from this Court that analyzes the Georgia aggravated assault statute under the residual clause. Thus, Harper (like the movant in *Beeman*) cannot show that he more likely than not was sentenced under the residual clause.

Because Harper cannot meet his burden of proving, pursuant to *Beeman*, that it was more likely than not his sentence was enhanced under the ACCA's residual clause, we **AFFIRM**.

8