[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-13116
Non-Argument Calendar

_____

D.C. Docket Nos. 1:16-cv-02225-ODE,
1:09-cr-00081-ODE-LTW-1

JUAN RAMON WINFREY,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 9, 2018)

Before TJOFLAT, NEWSOM and HULL, Circuit Judges.

PER CURIAM:

Juan Ramon Winfrey, a federal prisoner represented by counsel, appeals the district court's denial of his counseled 28 U.S.C. § 2255 motion to vacate, set aside, or correct his 240-month sentence on his Count Three felon-in-possession-of-a-firearm conviction under 18 U.S.C. § 922(g)(1).  Winfrey's prior Georgia felony convictions subjected him to a mandatory minimum fifteen-year sentence and increased his statutory maximum sentence on Count Three from ten years to life imprisonment under the Armed Career Criminal Act ("ACCA").  After review, we affirm the district court's ruling that Winfrey's § 2255 motion was timely, but vacate the district court's order denying Winfrey's § 2255 motion on the merits and remand for further proceedings consistent with this opinion.

## I.  BACKGROUND FACTS

### A.    Conviction

In 2008, Winfrey and his co-defendant, Umar Yamini, approached a man at a gas station, robbed the man at gunpoint, and drove away in the man's Chevrolet Monte Carlo.  A short time later, police officers spotted and pulled over the Monte Carlo, which was being driven by Winfrey.  After a brief pursuit on foot, Winfrey and Yamini were arrested.  The victim later identified Winfrey as the man who brandished the firearm and took his car keys and money.

In 2009, a federal grand jury charged Winfrey in three counts with: (1) aiding and abetting carjacking, in violation of 18 U.S.C. §§ 2119 and 2 ("Count

2

One"); (2) aiding and abetting possession and brandishing of a firearm during and in relation to a crime of violence, namely the carjacking charged in Count One, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 ("Count Two"); and (3) possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) ("Count Three"). In 2010, after a three-day trial, a jury convicted Winfrey on all three counts.

As to Count Three, the indictment listed four prior Georgia convictions, including two robbery convictions in 1989 and 1992, respectively, a theft by taking conviction in 1991, and an aggravated assault conviction in 1993. In this § 2255 case, Winfrey challenges only his 240-month sentence as to Count Three. We review how that sentence was calculated.

## B.    Sentencing

Winfrey's presentence investigation report ("PSI") separately calculated a total offense level of 24 for Counts One (the carjacking offense) and Three (the felon-in-possession offense). The PSI applied a two-level multiple-count adjustment pursuant to U.S.S.G. § 3D1.4 for a combined total offense level of 26 for Counts One and Three. Pursuant to U.S.S.G. § 2K2.4(b), the PSI did not include Count 2 (the § 924(c) firearm offense) because the mandatory minimum seven-year consecutive sentence for that offense was set by statute.

3

The PSI also stated that, as to Count Three, Winfrey qualified as an armed career criminal because he had three prior Georgia convictions for a crime of violence, specifically: (1) robbery in 1989; (2) robbery in 1992; and (3) aggravated assault in 1993.

As to the 1989 robbery conviction, the PSI reports that in August 1988, Winfrey was arrested and charged with armed robbery and murder after he and three other individuals stole a motor vehicle from the victim "by use of a revolver which resulted in the death of said victim." In 1989, Winfrey pled guilty to a reduced charge of robbery and was sentenced to ten years' probation as a first offender. According to the state court plea colloquy, which Winfrey's counsel submitted to the federal sentencing court, the murder charge was moved to the dead docket, and Winfrey entered an Alford plea to the robbery because Winfrey only hit the victim one time and got back in the car and did not know "the trigger man" or that a murder was going to take place.

As to the 1992 robbery conviction, Winfrey was arrested for robbery after stealing a victim's wallet and money "by force and intimidation." In May 1992, Winfrey pled guilty to robbery and was sentenced to three years' probation.

As to the February 1993 aggravated assault conviction, Winfrey was arrested after he "physically assaulted" the victim "while demanding his property." Winfrey pled guilty in 1993 and was sentenced to ten years in prison.

4

Only Winfrey's 1993 aggravated assault conviction and his 2002 criminal trespass and stalking conviction received criminal history points—3 points and 1 point, respectively—for a total of 4 points, which resulted in criminal history category of III.  Without the armed career criminal designation, Winfrey's total offense level of 26 and criminal history category of III would have yielded an advisory guidelines range of 78 to 97 months for Counts One and Three.  See U.S.S.G. ch. 5, pt. A, sentencing table (2008).

Because Winfrey was an "armed career criminal," however, he was assigned a criminal history category of VI, pursuant to U.S.S.G. § 4B1.4(c)(2).[1]  Also as a result of Winfrey's armed career criminal status, the PSI recommended a total offense level of 34, pursuant to U.S.S.G. § 4B1.4(b)(3)(A), which yielded an advisory guidelines range of 262 to 327 months in prison for Counts One and Three.

The PSI also stated that as to the carjacking conviction in Count One, the statutory maximum was 15 years and that as to the felon-in-possession conviction in Count Three, under the ACCA, the mandatory minimum was 15 years and the maximum was life.  As to the § 924(c) firearm offense in Count Two, the

---

[1]Under U.S.S.G. § 4B1.4, "[a] defendant who is subject to an enhanced sentence under 18 U.S.C. § 924(e) [the ACCA] is an armed career criminal," and may be subject to an increased offense level and criminal history category.  See U.S.S.G. § 4B1.4(a)-(c).

mandatory minimum sentence was seven years, which was required to be served consecutively to any other sentence.[2]

Winfrey did not object to: (1) the PSI's description of his conduct giving rise to his Georgia felonies; or (2) the PSI's designation of him as an armed career criminal or to any of his ACCA-qualifying predicate convictions.  Moreover, at his April 29, 2010 sentencing hearing, Winfrey agreed that he qualified as an armed career criminal under the Sentencing Guidelines and the ACCA.  As a consequence, the district court did not discuss the ACCA sentence enhancement as to Count Three.

After resolving Winfrey's objections, which are not relevant to the issues raised in his § 2255 motion, the district court calculated an advisory guidelines range of 262 to 327 months as to Counts One and Three and granted Winfrey a 22-month downward variance.  Specifically, the district court imposed: (1) a 180-month sentence on the carjacking conviction in Count One, which was the statutory maximum, (2) a 240-month sentence on the § 922(g)(1) felon-in-possession conviction in Count Three, to run concurrently with Count One; and (3) a mandatory consecutive 84-month sentence on his § 924(c) firearm conviction in Count Two.

---

[2]In his § 2255 motion and on appeal, Winfrey makes no challenge to his conviction or sentence on Count Two.

## B.    Direct Appeal

Winfrey appealed his convictions and sentences, but did not raise any issue as to his ACCA-enhanced sentence on Count Three or the calculation of his advisory guidelines range under U.S.S.G. § 4B1.4 as to Counts One and Three.  On November 19, 2010, this Court affirmed Winfrey's convictions and sentences. United States v. Winfrey, 403 F. App'x 432 (11th Cir. 2010).  Winfrey's convictions became final on February 17, 2011, ninety days after the time to file a petition for certiorari in the Supreme Court expired.

## C.    Section 2255 Proceedings

On June 26, 2015, the Supreme Court issued its decision in Johnson v. United States, which invalidated the ACCA's residual clause as unconstitutionally vague.  See Johnson, 576 U.S. ___, ___, 135 S. Ct. 2551, 2563 (2015).

On June 24, 2016, Winfrey filed this counseled § 2255 motion, arguing that his 240-month sentence as to his § 922(g)(1) felon-in-possession conviction in Count Three was no longer valid after Johnson.  Specifically, Winfrey argued that, although his prior Georgia convictions for robbery and aggravated assault "historically qualified as ACCA predicates," they "no longer" qualified as violent felonies under the ACCA because "the ACCA's residual clause, the potential basis for Mr. Winfrey's ACCA-enhanced sentence," was invalidated by Johnson and

because his prior convictions did not qualify under the ACCA's still-valid elements clause.

In opposing Winfrey's § 2255 motion, the government filed copies of state court records pertaining to Winfrey's prior convictions, including the charging documents and final dispositions, which showed that Winfrey was convicted of: (1) robbery "by the use of force" in 1992; (2) aggravated assault "by striking and beating [the victim] with his hands and fists" in 1993; and (3) and robbery "by intimidation," the lesser included offense of armed robbery in 1988.

The district court denied Winfrey's § 2255 motion. The district court concluded that Winfrey's claim based on Johnson was timely. The district court denied Winfrey's Johnson claim without addressing Winfrey's burden of proof. Instead, the district court concluded that the Georgia offenses of robbery by force, robbery by intimidation, and aggravated assault all qualified as violent felonies under the ACCA's elements clause and that Winfrey's sentence on Count Three was properly enhanced under the ACCA.

In the same order, the district court acknowledged the "dearth of Eleventh Circuit guidance in this case" and granted a certificate of appealability ("COA") on "whether Georgia robbery by force, robbery by intimidation, and aggravated assault qualify as 'violent felonies' for the purposes of the ACCA."

After the district court's § 2255 decision in this case, and while Winfrey's appeal was pending, this Court decided Beeman v. United States, 871 F.3d 1215 (11th Cir. 2017). Beeman addressed the timeliness of a § 2255 movant's Johnson claim (as opposed to a claim based on Descamps v. United States, 570 U.S. 254, 133 S. Ct. 2276 (2013)) under 28 U.S.C. § 2255(f) and also the burden of proof a § 2255 movant must meet to prevail on a Johnson claim. Beeman, 871 F.3d at 1219-25. Based on Beeman, the government's appeal brief argues that Winfrey's § 2255 motion raised an untimely Descamps claim rather than a timely Johnson claim, and, alternatively, that Winfrey did not carry his burden of proof to establish a Johnson claim.[3]

## II. DISCUSSION

### A. Standard of Review

In reviewing a district court's denial of a § 2255 motion, this Court reviews the district court's legal conclusions de novo and its factual findings for clear error. Osley v. United States, 751 F.3d 1214, 1222 (11th Cir. 2014). Further, this Court reviews de novo a district court's determination whether a § 2255 motion is time-barred. Beeman, 871 F.3d at 1219.

---

[3]The district court's COA encompasses the underlying threshold procedural issues raised in the government's brief, including whether Winfrey's has raised a timely Johnson claim and what burden of proof Winfrey must meet to prevail on a Johnson claim, which must be resolved before this Court can reach the merits of the issue specified in the COA. See McCoy v. United States, 266 F.3d 1245, 1248 n.2 (11th Cir. 2001).

## B.    General Principles

The ACCA provides that a person convicted of an 18 U.S.C. § 922(g)

firearm offense faces a fifteen-year mandatory minimum prison term if he has

three or more prior convictions for a "violent felony or a serious drug offense."  18

U.S.C. § 924(e)(1).  The ACCA defines the term "violent felony" as any crime

punishable by a term of imprisonment exceeding one year that:

> (i)   has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii)   is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .

18 U.S.C. § 924(e)(2)(B).  The first prong of this definition is referred to as the

"elements" clause, while the second prong contains the "enumerated crimes"

clause and what is commonly called the "residual" clause.  United States v. Owens,

672 F.3d 966, 968 (11th Cir. 2012).

On June 26, 2015, the Supreme Court in Johnson held that the ACCA's

residual clause was unconstitutionally vague.  576 U.S. at ____, 135 S. Ct. at 2557-

58, 2563.  The Supreme Court clarified, however, that its decision did not call into

question the application of the ACCA's elements or enumerated crimes clauses.

Id. at ____, 135 S. Ct. at 2563.  Subsequently, the Supreme Court held that

Johnson announced a new substantive rule that applied retroactively to cases on

10

collateral review.  Welch v. United States, 578 U.S. ___, ___, 136 S. Ct. 1257, 1268 (2016).

**B.      Time Bar under § 2255(f)**

Under 28 U.S.C. § 2255(f), the one-year statute of limitations for filing a § 2255 motion begins to run on the latest of several possible triggering dates, including the date on which the judgment becomes final or "the date on which the right asserted was initially recognized by the Supreme Court . . . and made retroactively applicable to cases on collateral review."  28 U.S.C. § 2255(f)(1), (3). As this Court explained in Beeman, the § 2255(f) statute of limitations "requires a claim-by-claim approach to determine timeliness."  Beeman, 871 F.3d at 1219 (quotation marks omitted).  Thus, if a § 2255 movant asserts that his motion is timely because he filed it within one year of the Supreme Court's issuance of a decision recognizing a new right, the Court must determine whether each claim asserted in the § 2255 motion depends on that new Supreme Court decision.  Id.

Beeman also explained the difference between a claim based on Johnson and a claim based on Descamps.  To assert a claim based on Johnson, the movant must contend that he was sentenced under the ACCA's now-void residual clause.  Id. at 1220.  A claim that the movant was incorrectly sentenced under the ACCA's elements or enumerated crimes clauses is not a Johnson claim but rather a Descamps claim.  Id. at 1220.  In Descamps, the Supreme Court held that when the

11

statute of conviction has only a "single, indivisible set of elements," sentencing courts may consider only the statute's language to determine whether the conviction qualifies as a "violent felony" under the ACCA's elements clause. Descamps, 570 U.S. at 258, 133 S. Ct. at 2282.  This Court has held that Descamps applies retroactively to cases on collateral review, but has noted that Descamps did not set out a constitutional right newly recognized by the Supreme Court.  See Mays v. United States, 817 F.3d 728, 733-34 (11th Cir. 2016).

Based on the foregoing, to be timely under § 2255(f)(3), a § 2255 motion raising a Johnson claim must be filed within one year of the Johnson decision. Beeman, 871 F.3d at 1219.  A Descamps claim, on the other hand, "cannot rely on subsection (f)(3) as the starting point for the calculation of the limitations period" and the movant "must file his motion within one year of the other trigger dates set out in § 2255(f)."  Id. at 1220-21 (concluding that the movant's Descamps claim was untimely but that he raised a timely Johnson claim where the § 2255 motion was filed 19 days before the one-year anniversary of Johnson).

Here, the district court correctly concluded that Winfrey's § 2255 motion was timely to the extent it raised a Johnson claim that he was sentenced under the ACCA's now-void residual clause.  Winfrey's conviction became final on February 17, 2011, ninety days after the time to file a petition for certiorari in the Supreme Court expired.  See Winfrey, 403 F. App'x at 432; Kaufmann v. United

12

States, 282 F.3d 1336, 1339 (11th Cir. 2002). Winfrey filed his § 2255 motion on June 24, 2016, well past the one-year deadline for challenging final convictions, but within the deadline for challenging a sentence under Johnson, which was decided on June 26, 2015.

We note, however, that to the extent Winfrey attempted to bring a Descamps claim—a claim that he was wrongly sentenced under the elements clause of the ACCA—that claim, like the Descamps claim in Beeman, is untimely.

## C.    **Beeman and Winfrey's Johnson Claim**

Under our Court's binding precedent in Beeman, to prevail on a Johnson claim, "the movant must show that—more likely than not—it was use of the residual clause that led to the sentencing court's enhancement of his sentence." See Beeman, 871 F.3d at 1221-22. "If it is just as likely that the sentencing court relied on the elements or enumerated offenses clause, solely or as an alternative basis for the enhancement, then the movant has failed to show that his enhancement was due to the use of the residual clause." Id. at 1222.

Each case must be judged on its own record, and different kinds of evidence can be used to show that a sentencing court actually relied on the residual clause. Id. at 1224 n.4. For example, a record may contain direct evidence in the form of a sentencing judge's comments or findings indicating that the residual clause was essential to an ACCA enhancement. Id. Further, a record may contain sufficient

13

circumstantial evidence, such as unobjected-to PSI statements recommending that the enumerated offenses clause or the elements clause did not apply or concessions made by the prosecutor that those two clauses did not apply.  Id.  In addition, the movant may point to precedent at the time of the sentencing "holding, or otherwise making obvious," that the prior conviction "qualified as a violent felony only under the residual clause."  Id. at 1224.

Importantly, this inquiry is a question of "historical fact"—whether at the time of sentencing the defendant was sentenced solely under the residual clause. Id. at 1224 n.5.  A decision today that a prior conviction "no longer qualifies under present law as a violent felony under the elements clause (and thus could now qualify only under the defunct residual clause) would be a decision that casts very little light, if any, on the key question of historical fact . . . ."  Id.

In sum, a § 2255 movant can carry his burden of proof "only (1) if the sentencing court relied solely on the residual clause, as opposed to also or solely relying on either the enumerated offenses clause or elements clause (neither of which were called into question by Johnson) to qualify a prior conviction as a violent felony, and (2) if there were not at least three other prior convictions that could have qualified under either of those two clauses as a violent felony, or as a serious drug offense."  Id. at 1221.  If the record is unclear or silent as to whether

14

the sentencing court relied on the residual clause, then the movant has not met his burden, and his claim must be denied. Id. at 1224-25.

Here, because Beeman was decided after the district court ruled on Winfrey's § 2255 motion, the parties did not have an opportunity to address the import of Beeman in the district court. Further, the district court did not have an opportunity to apply Beeman's standard to Winfrey's Johnson claim. That is, the district court did not address whether Winfrey had carried his burden to prove, more likely than not, that the sentencing court in 2009, as a matter of "historical fact," relied solely upon the residual clause to find that Winfrey's Georgia aggravated assault, robbery-by-force, and robbery-by-intimidation convictions qualified as violent felonies under the ACCA. See Beeman, 871 F.3d at 1224 n.5. If Winfrey cannot make this showing, he is not entitled to relief under Johnson even if his predicate Georgia convictions no longer qualify as violent felonies under current precedent. See id. at 1224-25 & n.5. We note also that the district court judge ruling upon Winfrey's Johnson claim is also the district court judge who imposed Winfrey's ACCA-enhanced sentence on Count Three.

Under these particular circumstances, we conclude that remand is appropriate in this case. See Long v. United States, 626 F.3d 1167, 1170 (11th Cir. 2010) (explaining that in a § 2255 case a remand may be appropriate to allow the district court to develop an adequate record or make sufficiently clear findings to

15

facilitate this Court's review of the ultimate merit of any issues for which a COA was granted).  On remand, the district court shall consider in the first instance whether Winfrey has shown, as a historical fact, that his sentence on Count Three was more likely than not enhanced under the ACCA's now-void residual clause.

## III.  CONCLUSION

We affirm the district court's determination that Winfrey's § 2255 motion raising a <u>Johnson</u> claim is timely.  However, we vacate the district court's May 17, 2017 order denying Winfrey's § 2255 motion and remand so that the district court in the first instance can address Winfrey's <u>Johnson</u> claim as to Count Three in light of <u>Beeman</u>.  This does not preclude the district court from making any alternative rulings it deems appropriate.  Rather, this is to say the district court should address the <u>Beeman</u> issue first.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**