[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13028
Non-Argument Calendar

_____

D.C. Docket Nos. 4:19-cv-00454-RH-MAF,
4:96-cr-00052-RH-MAF-1

JONATHAN ARNESS WESTON,
DENNIS DWAYNE JOHNSON,

Petitioners-Appellants,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeals from the United States District Court
for the Northern District of Florida

_____

(April 13, 2021)

Before WILSON, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Jonathan Arness Weston and Dennis Dwayne Johnson carried out an armed

kidnapping in 1996. Their indictment charged them with committing two crimes:

kidnapping in violation of 18 U.S.C. § 1201(a)(1) and using and carrying a firearm during and in relation to a "crime of violence"—the kidnapping—in violation of 18 U.S.C. § 924(c). Section 924(c)(3) defines a "crime of violence" as a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," or that "by its nature" involves a substantial risk that physical force may be used. 18 U.S.C. § 924(c)(3)(A)–(B). The former is referred to as the "elements clause," the latter the "residual clause."

A jury convicted Weston and Johnson on both counts, and this Circuit affirmed their convictions and sentences in 1999. They then filed motions to reduce their sentences because of amendments to the U.S. Sentencing Guidelines and motions for collateral relief under 28 U.S.C. § 2255. The court denied their motions. They tried again a few years later, but their motions were dismissed because they had not received authorization to file successive § 2255 motions.

In 2019, the Supreme Court held in *United States v. Davis* that § 924(c)'s "residual clause," like the residual clause in the Armed Career Criminal Act, is unconstitutionally vague. *See* 139 S. Ct. 2319 (2019). So after *Davis*, a conviction can only qualify as a "crime of violence" under § 924(c) if it meets the criteria of the "elements clause."

2

After receiving permission from this Court, Weston and Johnson filed successive § 2255 motions based on *Davis*. They argued that they were convicted and sentenced under the now-invalid residual clause of § 924(c). The district court denied their motions. It found that procedural default did not preclude Weston and Johnson's successive § 2255 petitions because *Davis* had issued "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." But it rejected their claims on the merits, holding that they had not shown that the residual clause "made a difference" in their convictions. The court granted a certificate of appealability on the issue of whether Weston and Johnson were entitled to relief under *Davis*. This appeal followed.

## I.

When reviewing a district court's denial of a § 2255 motion, we review questions of law de novo and factual findings for clear error. *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004).

## II.

Relief is available on a second or successive § 2255 motion only on narrow grounds set out in the statute. One such ground is a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). *Davis* is such a case—it

announced a new constitutional rule and has been held to have retroactive application. *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016); *In re Hammoud*, 931 F.3d 1032, 1037–39 (11th Cir. 2019).[1]

The government argues that *Beeman v. United States* applies to these claims; Weston and Johnson disagree. *See* 871 F.3d 1215 (11th Cir. 2017). In *Beeman*, we held that a § 2255 movant must prove that it was "more likely than not" that ACCA's invalid residual clause led the sentencing court to impose a sentence enhancement. *Id.* at 1222. The government argues that Weston and Johnson failed to meet *Beeman*'s burden. Weston and Johnson push back, contending that it is enough to show that they *may* have been sentenced under the residual clause given the standard articulated in *Stromberg v. California*, 283 U.S. 359 (1931). They say that it is unclear whether their convictions rested on the residual clause because their indictment did not specify a subsection and caselaw from the time of sentencing concerning the federal kidnapping statute did not require the use of physical force as described in the elements clause.

A recent case of ours clarifies what standard to use in this context. In *Granda v. United States*, we held that collateral relief for a *Davis* claim is proper

---

[1] We do not consider whether Weston and Johnson procedurally defaulted their *Davis* claims. The government does not challenge the district court's decision that they overcame procedural default. And because we conclude that Weston and Johnson cannot prevail on the merits, procedural default would have no impact on their case.

only if the court has "grave doubt" about whether a trial error had "substantial and injurious effect or influence" in determining the verdict. 990 F.3d 1272, 1292 (11th Cir. 2021) (quoting *Davis v. Ayala*, 576 U.S. 257, 267–68 (2015)). There must be more than a reasonable possibility that the error was harmful; put differently, we may order relief "only if the error 'resulted in actual prejudice'" to the petitioner. *Id.* (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). So it is not enough to show that the court *may* have relied on the now-invalid residual clause; Westin and Johnson must show a "substantial likelihood" that the court *did* rely only on that subsection. *Id.* at 1288. We must look to the record to evaluate whether the court relied only on the invalid subsection.[2] *Id.* at 1290.

This record does not provoke grave doubt about whether Weston and Johnson were convicted and sentenced based only on the residual clause. The indictment and presentence investigation reports do not indicate under which subsection of 924(c) their kidnapping offenses were considered "crimes of violence," and the record leaves open the possibility that the district court relied on the still-valid elements clause. Weston and Johnson's indictment charged that they

---

[2] In our recent decision in *Granda*, this Court rejected several arguments that Weston and Johnson make on appeal. We clarified the harmless error standard that applies to *Davis* claims: namely, that relief is only proper if the error "substantially influenced the jury's decision" and resulted in "actual prejudice" to the petitioner. *Granda*, 990 F.3d at 1292–93; *see Brecht*, 507 U.S. at 637. We also confirmed that *Stromberg* error is subject to the *Brecht* harmless error standard. *Granda*, 990 F.3d at 1294. The harmlessness inquiry is "more searching on collateral review than on direct review." *Id.* at 1295.

"did knowingly, willfully, and unlawfully seize, kidnap, abduct, carry away and hold for ransom, reward, for their benefit and otherwise, a 24-year-old woman" and that "during and in relation to a crime of violence"—the kidnapping—they "did knowingly use and carry a firearm" in violation of § 924(c). The court defined kidnapping as "forcibly and unlawfully" holding, keeping, detaining, or confining a person against his or her will. And their indictment did not include as elements "inveiglement" or "decoy"—two elements of the statutory crime that this Court later held do not necessarily involve physical force. *See United States v. Gillis*, 938 F.3d 1181, 1206–10 (11th Cir. 2019). So the district court could have reasonably treated their charged crimes as involving physical force: the charges required that they seize, forcibly hold and detain, abduct, and carry away their victim. This means that the district court may have relied on the elements clause of § 924(c), not just the residual clause, in determining that their offenses were crimes of violence.

What's more, in denying their § 2255 motions, the district court (which was the same court that sentenced the defendants) stated that it had treated their offenses as crimes of violence based on § 924(c) "as a whole, including the element clause," because it "seemed obvious at that time" that kidnapping was a crime of violence. The court said that even if there had not been a § 924(c) residual clause, "the indictment, jury instructions, and evidence would have been

6

precisely the same as they were.  The sentences would have been precisely the same as they were."  These statements show that the district court did not rely solely on the invalidated residual clause, so any error was harmless.  *Granda*, 990 F.3d at 1293.

Weston and Johnson point out that we held in a later case, *United States v. Gillis,* that kidnapping is categorically not a crime of violence under § 924(c)'s elements clause.  938 F.3d at 1203–10.  But a decision issued *after* sentencing casts "very little light" on whether the defendant was sentenced solely under the residual clause.  *Beeman*, 871 F.3d at 1224 n.5.  That is because, in cases where the predicate offense was later held not to be a crime of violence under the elements clause, the district court may still have relied on the elements clause under the mistaken belief that the predicate qualified.  *Id.*  And that seems to be the case here.  Weston and Johnson's indictment left out the two means of kidnapping we identified in *Gillis* as not involving physical force: inveiglement and decoy.  *See Gillis*, 938 F.3d at 1207–08.  And no precedent at the time would have precluded the sentencing court from deciding that the charged offense qualified as a crime of violence under the elements clause.[3]  So taken together, this record does not show

---

[3] Weston and Johnson argue that two cases decided before their convictions—*Chatwin v. United States*, 326 U.S. 455 (1946), and *United States v. Boone*, 959 F.2d 1550 (11th Cir. 1992)— showed that federal kidnapping does not qualify as a "crime of violence" under 924(c)'s elements clause.  But both of those cases involved kidnapping by "inveiglement" or "decoy"— two elements not included in this charged crime.  And this Circuit's 2019 decision in *Gillis* was

a "substantial likelihood" that the sentencing court did not rely in whole or in part on the elements clause when sentencing Weston and Johnson. *See Granda*, 990 F.3d at 1288.

*        *        *

Given the record and the sentencing court's statements, we cannot say that Weston and Johnson's kidnapping offenses were treated as "crimes of violence" based solely on the invalidated residual clause of § 924(c). We therefore affirm the district court's denial of their § 2255 motions.

**AFFIRMED.**

---

the first time we squarely addressed whether federal kidnapping could qualify under § 924(c)'s elements clause. *See* 938 F.3d at 1203–10.